THE STATE OF MISSOURI *ex rel.* SATURNE BENNE, Relator, *v.* EDWARD D. ENGLEMAN, Clerk of the Cape Girardeau Court of Common Pleas, Respondent.

1. *Practice, Civil —Appeal to District Court — Bond — Mandamus — Writ of error.—* The Cape Girardeau Court of Common Pleas granted an appeal to the Second District Court, with the proviso that no transcript should be made out until the filing of the bond. *Held,* that such proviso was unwarranted; but the clerk, acting under the direction of the court, properly refused to issue the transcript in default of bond, and *mandamus* would not lie against him to compel its issue. The proper remedy of appellant in such case would be writ of error.

### Petition for mandamus.

*Ledergerber, Colcord, Brown,* and *Russell,* for relator.

That portion of the order granting an appeal containing a condition precedent thereto, is without the authority of law — is a nullity, and void. It could not excuse the plain statutory duty of the clerk, and is not, therefore, a prohibition — is no justification.

*Davis & Brown,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is a petition for a *mandamus* upon the defendant, requiring him to make out and file with the Second District Court a copy of the record of proceedings in a cause pending in the Cape Girardeau Court of Common Pleas, wherein an appeal is alleged to have been granted—or show cause for not doing so. The relator was the appellant in that suit. The defendant here was clerk of the court, and declined furnishing the required transcript; and shows, in justification of his refusal, that he was therein acting in strict conformity with the order of the court, of which he was the servant and clerk.

The court, in granting the appeal in question, incorporated in the order allowing it a provision that no transcript should be made out until the appellant should file with the clerk an appeal bond. In other words, it made the filing of the bond a condition to the appeal becoming practically effectual. The appellant filed

no bond, and the clerk, in accordance with the order and direction of the court, withheld the transcript.

That part of the order which required the filing of the bond, as a condition to the issuance of the transcript, was wholly unwarranted. The court, nevertheless, had jurisdiction of the cause and the parties, and its errors, however gross, are not to be corrected by an appeal to the clerk. Nor ought the clerk to be subjected to the payment of bills of cost as a consequence of his fidelity to the court and its orders, or to be placed in an attitude of disobedience and contempt by action contravening the order of the court.

The order was wrong; but the relator had a ready remedy through the agency of a writ of error, which would have taken up the record as effectually as an unconditional appeal. There was no necessity of a resort to *mandamus*.

The peremptory writ is therefore refused; the other judges concurring.