STATE EX REL. KRANICH, APPELLANT *v.* SUPPLE, RE-SPONDENT.

[No. 1357.]

[Submitted February 7, 1899. Decided February 13, 1899.]

*Court Reporter—Duty to Write Out Exceptions—Right to Fees—Mandamus.*

1. Code of Civil Procedure, Section 372, requires the court stenographer to write out at length all objections, rulings and exceptions occurring on the trial and file them with the clerk, after which they may be used in a bill of exceptions. Section 1153 authorizes the court to direct him to make a complete transcript of his notes, to be used in the bill of exceptions if, in its opinion, the questions and answers given are necessary, in full, to present the objections. Sections 373 and 375 provide that the court reporter shall receive a fixed salary and a certain rate per folio for verbatim transcripts of his notes, and a different rate for narrative transcripts. *Held,* that Section 372 requires the reporter, in addition to writing out the ruling and exception, to write out the question, answer, or other part of the evidence to which the objection and ruling apply, so as to identify them, without other compensation than his salary.
2. The reporter is not required to furnish a complete transcript of the testimony or any substantial part thereof, without payment of his fees.
3. The writ of mandate cannot be made a writ of review to correct erroneous orders and judgments of the district courts, from which appeals lie.
4. Mandamus lies to compel the court stenographer to write out and file a list of the objections, rulings and exceptions occurring on the trial of a cause, as required by Code of Civil Procedure, Section 372, where the order of the trial court in reference thereto is insufficient, since such order is not appealable.
5. In such case mandamus is the proper remedy, because, by stating in its order that the filing of a mere list of skeleton objections, rulings and exceptions was a compliance with Section 372, the court, in effect, refused to make an order compelling him to comply therewith.

APPLICATION by the State, on the relation of William Kranich, for a writ of mandate to James P. Supple, requiring defendant to write out and file objections, rulings and exceptions. Peremptory writ issued.

*Sanders & Sanders* and *H. J. Burleigh,* for Relator.

*Clayberg, Corbett & Gunn,* for Respondent.

**PER CURIAM.** Application for writ of mandate to James P. Supple, as stenographer of Department 1 of the District Court of the First Judicial District, to compel him to comply

with the provisions of Section 372 of the Code of Civil Procedure, relative to writing out or printing exceptions taken during trial, and filing them with the clerk.

From the affidavit and answer of respondent to the alternative writ, it appears that during the days from November 22 to December 2, 1898, inclusive, a trial was had in Department 1 of the First Judicial District Court, at Helena, of a cause entitled "William Kranich v. The Helena Consolidated Water Company, a Corporation," which resulted in a verdict for the defendant on the last named date; that during the trial objections were made by the plaintiff to questions propounded by defendant to witnesses who were examined by plaintiff, to which questions the plaintiff objected; that the court ruled upon these objections and thereupon the plaintiff excepted to the rulings of the court; that plaintiff made objections to the introduction of certain evidence on the part of the defendant, upon which the court made rulings to which plaintiff took exception; that objections were made by the defendant to evidence offered by the plaintiff, which were by the court sustained, to which rulings the plaintiff took exceptions; that at and during the trial respondent herein was the regularly appointed and acting stenographer of that court, and is still acting as such; that it is the duty of the court stenographer, at the close of the trial, to immediately write out at length, or print in type all objections made, the rulings, opinions and decisions of the court thereon, and the exceptions taken during the trial and to file the same with the clerk; that respondent having failed to do this at the close of the trial referred to, the relator, on December 31, 1898, demanded of him that he do so; that he thereupon refused, that the relator then applied to that court orally, by motion, for an order to compel him to perform his duty in this regard; that the court thereupon made an order directing him to perform his duty, but in the same order also directed him that his duty would be fully discharged in the premises by writing out at length, or printing in type, from his notes taken at the trial, a skeleton list of the objections made, the rulings, opinions and de-

cisions of the court thereon, and the exceptions thereto, without including therein, or writing out or printing, the questions or other matters objected to, and with reference to which the ruling was made and exception taken; that the said respondent thereupon forthwith obeyed the order so made and printed at length from his notes a skeleton list or memorandum of the objections, rulings, opinions, decisions and exceptions thereto, without incorporating therein the question or evidence, or part thereof, to which the objection, ruling, opinion, decision or exception applied; and that he has failed and refused since that time, upon demand of the relator, to add anything to said skeleton list or memorandum without being paid therefor the fees prescribed by law for the furnishing transcripts to litigants.

Respondent insists that he has performed, under the order of the court, all that the law requires of him without compensation and that he is ready and willing to furnish relator all or any part of the evidence whenever he is paid or tendered his fees therefor.

The relator demands a writ to compel respondent to incorporate in his list or memorandum the questions and parts of the evidence objected to and admitted or offered and excluded —such as will identify the objections, rulings and exceptions. He insists that this part of the evidence should be furnished and made part of the record, without compensation.

The order made by the District Court was clearly wrong. Section 372, referred to above, reads as follows: "All objections made, the rulings, decisions and opinions of the court, and the exceptions taken during the trial or hearing must be written out at length or printed in type by the stenographer and filed with the clerk forthwith after the close of the trial or hearing and thereafter such exceptions may be settled in a bill of exceptions, as provided in Section 1155 of this Code."

It will be seen that this section provides no specific compensation for the duties enumerated in it. Sections 371, 373, 374 and 375 enumerate the other duties to be performed by a stenographer and Sections 373 and 375 provide for his com-

pensation; but nowhere in them is provision made for any compensation for the duties enumerated in Section 372, except the salary.    He is to be paid a salary of $1,800 per annum, and in addition is allowed to demand and receive 5 cents per folio for verbatim transcripts of his notes, and $7\frac{1}{2}$ cents for narrative transcripts.

Section 1153 of the Code of Civil Procedure provides: "If in the opinion of the court or judge the questions and answers in full as given at the trial are necessary to clearly present the objections and the grounds thereof, the court or judge shall order the stenographer to make a complete transcript of his notes of the evidence and such notes shall be used in the bill of exceptions."

Section 1155, referred to in Section 372, *supra*, provides how, and the time within which, bills of exceptions may be settled.

From an examination of Section 372, *supra*, in the light of the other sections, it is apparent that the Legislature intended by exacting of the stenographer the duties mentioned in it, that the parts of the proceedings at the trial of a cause therein enumerated should be transcribed in such form that they would be intelligible to the court and counsel interested, so that they might be of use in the steps to be taken after the conclusion of the trial.    Often a motion for a new trial is made.    Bills of exception are to be prepared, or a statement of the case made.    In order that this may be done intelligently by counsel the matter objected to, the objection, including the ground of it, the ruling of the court and the exception must all be set forth.    This record is also a guide to the court in order that it, upon examination of the bills of exceptions or a statement of the case, may know that they were according to the facts.    Under Section 1153, *supra*, it is left to the discretion of the court to direct the stenographer to make additions to the memorandum already filed so that the objection and the ruling of the court thereon may be fully illustrated. For the work done under this section he is not allowed any compensation.    The provisions of this latter section, in addi-

-tion to the plainly-expressed duties imposed by Section 372, -clearly indicate the purpose of Section 1153. Therefore the respondent cannot maintain his contention that he has done all the statute requires of him, when he has prepared and filed such a memorandum as he has filed in the case in question. It is a mere list of objections, rulings and exceptions, not applicable to any question or testimony of any witness, or part thereof, identified in any way so as to be of use to counsel or court. It would not aid in preparing a bill of exceptions. It would be of no avail as a guide to the court. The memorandum must serve some useful purpose. This is the use for which it is intended. It must therefore have incorporated in it the question, answer or other part of the evidence to which the objection, ruling and exception apply, or such a reference to it that it can be identified. If, for example, a question is objected to, the question must be set forth. If an answer is objected to and there be a ruling and exception the question and answer should both be set forth. If there be documentary evidence offered and admitted over objection or objected to and excluded the document or documents should be referred to in an intelligent way so as to make identification easy. To do less than this is useless. It is equivalent to nullifying the plain provisions of the statute. It is a compliance with the letter of the law, while grossly violating its spirit. If the claim is made that a stenographer cannot comply with this requirement, it is equivalent to saying that he is incompetent.

We are not to be understood, however, as giving to the statute a broader construction than its terms justify. An officer is always entitled to compensation for performing the duties to which the law attaches compensation. When the law provides no extra compensation, as in this case, he is not entitled to any. He must nevertheless perform the duty just as promptly and efficiently. He must not be permitted to evade or shirk his duty in the least, however unpleasant and onerous it may be. If he does not care to perform the duties of his office for the compensation fixed by law, he is not compelled to retain it. Some one else can be found to take his place.

Neither, on the other hand, will the law permit the officer to be imposed upon by the citizen who demands more of him than the law enjoins. It is not permissible for the relator, or any other citizen, to demand of the respondent, under claim of right to the memorandum provided for by the statute a transcript of the testimony, or any substantial part thereof. The one can be demanded as of right without compensation. The other can be demanded only upon tender of the lawful fees.

The contention was also made in argument that the writ should not issue for the reason that this writ cannot be made a writ of review to correct an erroneous order of the District Court. We are aware that this is the rule as to orders and judgments from which appeals lie. (High on Extr. Rem. Sec. 184; *State* v. *Engleman,* 45 Mo. 27; *People* v. *District Court,* 14 Colo. 396, 24 Pac. 260; *Ex parte Burtis,* 103 U. S. 238; *Ex parte Flippin,* 94 U. S. 348; Works on Jurisdiction, p. 618.) But no appeal lies from such an order as was made by the District Court in the case at bar. The application of the relator in that court was a merely informal one, made orally in open court. No formal proceedings were had. No record was made upon which an appeal could be taken. Besides, the order made by the court was tantamount to a refusal to make any order requiring respondent to do his duty; for the court refused, in face of the statute, clear and explicit in its terms, to make the order asked for. The respondent should have done his duty under the instruction of the statute. To refuse the writ now would be to leave the relator without relief. To grant it will do no harm to any one, nor will it do any violence to the legitimate offices of this writ. The stenographer of a court occupies a responsible position, and is well paid for his services. Upon his promptness and efficiency depends in a large measure the proper progress of the work of the court, and often the ultimate success of litigants in their suits. He is one of the persons to whom the writ may issue, under the statute. (Code of Civil Procedure, Sec. 1961.) The relator has no appeal. This court has jurisdiction under the Consti-

tution.   Of so much importance and interest is the matter involved herein, that we have deemed it proper to disregard the merely technical objection that the writ should issue to the court, instead of its subordinate officer, and issue it to him directly.

It is ordered that the writ issue forthwith, with directions to the respondent that he perform his duty in accordance with the views expressed herein.

*Let the writ issue.*