STATE ex rel. DEMPSEY, Plaintiff *v.* SECOND JUDI-
CIAL DISTRICT COURT, et al. Defendants.

[No. 1640.]

[Submitted January 3, 1901. Decided January 4, 1901.]

*Mandamus—Transcript of Evidence—Order for Transcript—*
*Stenographer's Delay—Contempt—Bill of Exceptions—Set-*
*tling—Time.*

1. Where a defendant convicted of a crime was too poor to pay for a transcript of the
   proceedings of his trial, and an order was made as authorized by Code, Sec. 373, di-
   recting the official stenographer to furnish defendant with a copy of the evidence, to
   be paid for by the county, in order that he might prepare a bill of exceptions, and,
   after numerous extensions of the time for the settling of the bill of exceptions, the
   stenographer failed to furnish the transcript, and the court refused to make an order
   compelling the furnishing of such transcript, the Supreme Court would not compel
   obedience to the order to furnish the transcript by *mandamus*, since the court mak-
   ing the order alone had authority to punish the stenographer's contempt.
2. The Supreme Court could not by *mandamus* compel the lower court to enter an order
   extending the time in which to prepare a bill of exceptions, such matter falling en-
   tirely within the discretion of the trial court.

Mandamus by the State of Montana, on the relation of Peter
Dempsey, against the District Court of the Second Judicial
District for Silver Bow County and others, to compel the
stenographer of such court to furnish relator a transcript of
record of his trial, and to compel the court to extend the time
for settlement of bill of exceptions.    Writ denied.

*Mr. Thos. A. Morrin*, and *Mr. W. W. Likens*, for Relator.

**MR. CHIEF JUSTICE BRANTLY** delivered the opinion of
the Court.

On May, 12, 1900, one Thomas A. Morrin, attorney at law,
was appointed by the above-entitled court to defend the rela-
tor herein, who was charged with the crime of murder.    The
trial was subsequently had on July 2d and 3d, and resulted in
a verdict of murder of the first degree.    A motion for a new
trial was made and overruled on July 18th.    Thereafter, on

August 30th, an inquisition was had to determine the sanity
of the relator, under Sections 2520-2526 of the Penal Code,
which resulted in a verdict that he was sane.   On September
4th judgment was pronounced upon the verdict finding the re-
lator guilty of murder, and immediately thereafter an appeal
was taken to this Court.   On the same date, the relator being
without means, the Court made an order, under authority of
Section 373 of the Code of Civil Procedure, directing William
W. Wilson, the official stenographer of that department of
the court, to furnish to the relator, without expense to him,
a copy of the evidence taken at the trial, to enable him to
prepare bills of exception.   The same order was made as to
the evidence heard upon the inquisition into relator's sanity.
At the same time an order was made extending the time for
the preparation of the bills of exception.   This order was re-
newed from time to time, the last renewal extending the time
up to and including December 31st.   The defendant, Wilson,
up to that date, had wholly failed and neglected, and still fails
and neglects, to comply with the order made on September 5th,
despite repeated demands made upon him in that behalf, and
despite the fact that the attention of the court and its judge
has been repeatedly called to his delinquency.   The said Wil-
son has never at any time complied with the provisions of Sec-
tion 372, of the Code of Civil Procedure, requiring him, im-
mediately after the close of the trial of each case, to write out
at length "all objections made, the rulings, decisions and
opinions of the court, and the exceptions taken during the
trial, or hearing," and to file the same with the clerk.

On December 31st an application was made to the Honorable
William Clancy, as judge of said court, for an order to com-
pel the said Wilson forthwith to furnish the transcripts of ev-
idence required by the order of September 5th, and also for
an order further extending the time for the preparation of
bills of exception.   This application the said judge refused to
grant.

Upon these facts, we are asked for a writ of *mandamus* to
compel the said Wilson to furnish the transcripts ordered by

the district court on September 5th; to require the said court and its judge to enter an order granting such further time as may be reasonable and proper to enable the relator to prepare and serve his bills of exception; and to require the said court and its judge to desist from proceeding further in the premises until the time granted by this Court shall have expired.

The application must be denied. We are not asked, nor was the district court asked, to compel the defendant, Wilson, to perform the duty required of him under Section 372, *supra.* If this were the ground of complaint, we should feel inclined to issue the writ; for, though an application in this behalf should properly be addressed to the district court, owing to the importance to litigants of having the requirements of the section complied with by the stenographer, we entertained an application under somewhat similar circumstances in *State ex rel. Kranich*, v. *Supple*, 22 Mont. 184, 56 Pac. 20. What we are asked to do here is to require an officer of the district court to obey an order made by that court, on the ground that the court and its judge refuse to compel obedience. In other words, the district court, upon proper application, on September 5th, made an order which is authorized by Section 373, *supra.* The stenographer failed to obey it. Upon the facts made to appear to us, he has been and still is in contempt. To punish this contempt, and thus enforce obedience, belongs to the authority making the order, and not to this court. We have no more power to interfere to compel obedience to this order than we have to punish the contempt. The proper course, and the only course, open to relator was and is, upon a proper showing, to enforce the order by proceedings in contempt, which would be more adequate and speedy than the writ now sought. If the court or its judge should then refuse to proceed, this Court would feel justified in interfering. Until this remedy has been exhausted, we have no authority to act in the premises.

In the second place, we are asked to compel the defendant court and its judge to enter an order extending the time within which to prepare bills of exception. This is a matter which

falls entirely within the discretion of the trial court and its judge, and we cannot control this discretion by *mandamus*.

We think that the district judge, when it was made to appear to him that his stenographer failed to comply with the order of September 5th, should have acted promptly and enforced obedience, especially when the relator is under judgment inflicting the death penalty. A proper amount of self-respect, and a due regard for the position he occupies, and the rights of the relator, imperiled, as they are, by the gross and wholly unwarranted neglect of the court officer, it would seem, could permit no other course. It is fair to say, however, that we have only so much of the case as the relator has seen fit to lay before us.

These considerations being conclusive as to this application, we deem it unnecessary to notice the double and rather inconsistent nature of relief demanded.

The application is denied.                              *Denied.*