YORK, Respondent, v. STEWARD et al., Appellants.

(No. 1,902.)

(Submitted April 30, 1904.   Decided May 9, 1904.)

*New Trial—Motion—Bill of Exceptions—Transcript of Evidence—Notes of Official Stenographer — Notes of Private Stenographer.*

1.  In making up statements or bills of exceptions, litigants are under no obligation to use only the transcript of the evidence furnished by the official stenographer.   They may for that purpose use the notes of any person which furnish a correct narrative of the proceedings.
2.  A bill of exceptions or statement once settled and filed becomes a part of the record, not subject to correction, except upon a showing that some mistake has been committed, in which case it should be corrected, and not stricken from the files.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by J. J. York against John M. Steward and another, doing business as the Smith Piano Company.   From an order striking a statement and bill of exceptions from the files, and dismissing a motion for a new trial, defendants appeal.   Reversed.

*Mr. George F. Shelton,* and *Mr. John J. McHatton,* for Appellants.

*Mr. Charles O'Donnell,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover a judgment against the defendants for a balance alleged to be due the plaintiff for the rent of certain premises in the city of Butte.   Verdict and judgment were for the plaintiff.   Defendants moved for a new trial, alleging as grounds therefor that the court misdirected

the jury, that the evidence is insufficient to justify the verdict, and that the verdict is against law.

Within the time allowed by the statute after notice of intention was served and filed, defendants prepared and served upon counsel for plaintiff their bill of exceptions and statement of the case. Certain amendments were proposed by counsel for the plaintiff, and accepted by the movants. Thereupon the amended statement and bill were presented to the judge for settlement, and were settled and filed with the clerk; the certificate being as follows: "I hereby certify that the foregoing statement on motion for a new trial in the above cause is correct, and the same is hereby settled, allowed and ordered filed in the cause." Thereafter, on motion of counsel for plaintiff, the court entered an order striking the statement and bill from the files, and dismissing the motion for a new trial, on the ground that the bill and statement did not contain "a true and correct transcript of the evidence heard at the trial." From this order, defendants have appealed.

At the hearing on the motion, and in support of it, it was made to appear that counsel for defendants had incorporated in the statement and bill of exceptions a transcript of the evidence obtained from some other person than the official stenographer, instead of a transcript prepared by him from his notes. This fact, made to appear by the testimony of the official stenographer, was the sole ground of the motion, and the basis of the action of the court, though it also appeared from this witness' statement that the transcript was substantially correct. The court proceeded upon the theory that, in the preparation of bills of exceptions and statements, the parties must use transcripts of the evidence furnished by the official stenographer, and that he is the only source from which they may be obtained. This view is erroneous. The duties of the official stenographer are prescribed in the Code of Civil Procedure (Sections 370-377). While he is required to attend all sittings of the court, and to take full notes of all proceedings had thereat, and must file with the clerk his notes of such proceedings,

besides an extended copy of the rulings, decisions and opinions
of the court, and the exceptions taken during the trial, which,
together with any copies furnished by him to the parties or
their counsel, is deemed *prima facie* correct, no obligation rests
upon litigants to resort to him as the only authentic source from
whom such copies may be obtained. The right to rely upon him
is granted under these provisions of the statute, and he may
be compelled to perform the resulting duty to furnish copies
upon proper application (*State ex rel. Kranich,* v. *Supple,* 22
Mont. 184, 56 Pac. 20; *State ex rel. Dempsey* v. *District Court,*
24 Mont. 566, 63 Pac. 389; *State ex rel. Donovan* v. *Ledwidge,*
27 Mont. 197, 70 Pac. 511); yet there is no pro-
vision therein requiring the parties to use such copies
only. Counsel may take their own notes, or for
that purpose have in attendance their private steno-
grapher. The only obligation resting upon them is to fur-
nish a correct narrative of the proceedings. This the judge may
require, or, upon failure, refuse his certificate. It is his duty,
however, to examine the bill or statement when submitted to
him, and to settle it by his certificate after he has stricken out
all redundant matters, and ascertained to his own satisfaction
that it truly represents the objections and exceptions as briefly
as may be (Code of Civil Procedure, Sec. 1155), or presents
a true statement of the case (Code of Civil Procedure, Sec.
1173). After a bill or statement is once settled and filed, it
becomes a part of the record, not subject to correction, except
upon a showing that some mistake has been committed in it,
whereby it fails to present the truth. In such case it should be
corrected, and not stricken from the files. No showing was
made in support of the motion that the bill and statement do
not speak the truth. On the contrary, it appeared to be sub-
stantially correct. The court had no power to strike it from
the files. (*Beach* v. *Spokane R. & W. Co.,* 25 Mont. 367, 65
Pac. 106.)

Nor should the motion have been dismissed. The defendants
had a right to have the motion considered by the court and de-

cided upon the record as made up. To strike out the satement and dismiss the motion was tantamount to a denial of the motion without giving the movants an opportunity to be heard. A similar situation was presented in *Beach* v. *Spokane R. & W. Co., supra.* In that case the court, on motion of counsel, struck out the statement on the ground that it had not been served in time, and denied the motion for a new trial. Upon appeal this court held that the action of the district court in the premises was fundamentally erroneous, and that the order striking out the statement vitiated the order denying a new trial. The cause was remanded to the district court, with dircetions to restore to the files the statement on motion for new trial, and to proceed to hear and determine the motion as made. The discussion in the opinion in that case is wholly applicable to the facts of this case.

The order striking the statement from the files is reversed. The order of dismissal is set aside, and the cause is remanded, with directions to the district court to restore the statement to the files, and to hear and determine the motion for new trial.

*Reversed and remanded.*