STATE, Respondent, *v.* HOGAN, Appellant.

(No. 7,425.)

(Submitted September 17, 1935.   Decided September 27, 1935.)

[49 Pac. (2d) 446.]

*Messrs. Rockwood Brown* and *Mr. Horace S. Davis,* for Appellant, submitted a brief; *Mr. Davis* argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. Oscar A. Provost,* Assistant Attorney General, *Mr. Chris W. Demel* and *Mr. Philip Savaresy,* respectively, County Attorney and Assistant County Attorney of Yellowstone County, submitted a brief in behalf of the State; *Mr. Provost* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

An information was filed in the district court of Yellowstone county, charging the defendant Hogan with the crime of robbery from the person of one R. L. Smith. The property taken was alleged to be the sum of $12 in money. The defendant entered a plea of not guilty to the information. On the trial, by a verdict of the jury, the defendant was found guilty as charged. A judgment of imprisonment in the penitentiary for one year was imposed. A motion for a new trial was made, heard, and denied. The appeal is from the judgment and from the order denying the motion.

The state's case rests primarily upon the testimony of the complaining witness, Smith, who not only detailed the circumstances of the alleged assault and robbery, but also positively identified the appellant as the assailant. Corroboration for the testimony of the complaining witness was furnished by Granville Edgmond, who was equally positive in his testimony as to the facts of the robbery and the identification of the appellant. The appellant denied positively that he had ever seen either Smith or Edgmond until after his arrest for the offense. Other witnesses testified on behalf of prosecution and defense as to various circumstances tending in some measure to support the contention of the party by whom they were called; but the testimony pro-

duced by these witnesses on behalf of the state, standing alone, was wholly insufficient to prove the allegations of the information, and, likewise, the testimony of the additional witnesses on behalf of defendant unaided was insufficient to disprove the statements of the witnesses Smith and Edgmond.

In view of the fact that the only errors assigned relate to the giving of certain instructions and the misconduct of the county attorney during his argument to the jury, it is unnecessary for the purposes of this opinion to further detail the facts.

The court, by its instruction No. 12, which was given over objection of counsel for the defendant, after informing the jury that a witness is presumed to speak the truth, and as to the manner in which this presumption might be repelled, advised the jury as follows: "If you believe from all of the evidence in the case, that any witness who has testified in this case, has wilfully and deliberately testified falsely to any fact or matter material to the issue involved herein, then you will be at liberty to disregard the entire testimony of any such witness, except in so far as it may be corroborated by other and credible evidence in the case."

Subdivision 3, section 10672, Revised Codes 1921, provides that "a witness false in one part of his testimony is to be distrusted in others."

The giving of the instruction in question has been declared by this court to be error in the cases of State v. Penna, 35 Mont. 535, 90 Pac. 787, State v. Kanakaris, 54 Mont. 180, 169 Pac. 42, and State v. Belland, 59 Mont. 540, 197 Pac. 841; and in the case of Vande Veegaete v. Vande Veegaete, 75 Mont. 52, 243 Pac. 1082, the giving of this instruction was declared to be reversible error. In State v. Penna, supra, this court said that under the facts in the particular case the giving of the instruction was not prejudicial to the rights of the defendant, but reversed the judgment upon other grounds and remanded the cause for a new trial. In the Kanakaris Case the judgment was likewise reversed on other grounds and the instruction condemned as erroneous. In the Belland Case the court, although the instruction was given without objection, condemned it, as

the judgment was reversed for other reasons, and remanded the cause to the lower court for a new trial. Thus it will be seen that in criminal cases this court, although condemning the instruction, has never reversed the judgment in a criminal cause as a result of the giving of this erroneous instruction, although it has in the civil case cited supra.

The Attorney General argues that since, admittedly, the defendant had theretofore been convicted four times of a felony, the giving of the instruction was not in this case reversible error, conceding, however, that the giving of the instruction was error.

The provisions of section 10672, supra, apply with equal force to civil and criminal cases. (Sec. 11977, Rev. Codes 1921; *Vande Veegaete* v. *Vande Veegaete*, supra.) The fact that the defendant had theretofore been convicted of felonies does not militate against his right on a subsequent trial to have the jury correctly advised as to the law. Accordingly, we must hold that the giving of this instruction was reversible error.

It appears from the record herein that during the closing argument for the state, the county attorney, in the absence of the official reporter, stated to the jury, in substance: "That the night in question or in the early morning following the defendant had participated in a second robbery." Immediately upon the making of this statement counsel for the defendant objected upon the ground that there was no evidence in the record to warrant the making of the statement, and requested that the court reporter be called to make a record of the proceeding. Without waiting for a ruling upon the objection and the request of counsel for the defendant, the county attorney continued, stating, in substance, that subsequent to the assault and robbery committed upon the complaining witness, the defendant had assaulted and attempted to rob another person, who had beaten him up and inflicted the wounds and bruises from which the defendant admittedly was suffering at the time of his arrest. Again counsel for the defense renewed the objection and request. Thereupon the trial judge informed the county attorney that his argument was improper, and directed him to withdraw his argument; "whereupon the county attor-

ney, then with his back to the court, grimaced at the jurors by winking broadly at them, and then said to the jury, in substance, 'Yes, you will pay no attention to this second robbery.'" Again counsel for the defense objected to the conduct of the county attorney and requested the presence of the court reporter. Thereupon the trial judge admonished the jury to disregard any reference made by the county attorney in his argument to a second robbery, and directed the argument to proceed, without ruling upon the request of the defendant by his counsel for a stenographic report of the proceedings.

There was no evidence in the record as to any second robbery. The repeated efforts of the county attorney to present the fact of the attempt to commit a second robbery, being without support in the record, cannot be justified from any viewpoint. (*State* v. *Belland,* supra.) The official stenographer appointed by the judge must, under his direction, "attend all sittings of the court, take full stenographic notes of the testimony, and of all proceedings given or had thereat, except when the judge dispenses with his services in a particular cause, or with respect to a portion of the proceedings therein." (Sec. 8929, Rev. Codes 1921.) It will thus be observed that it is within the sound judicial discretion of the court as to when it is necessary for the official stenographer to make a record of the proceedings before it. Upon the objection of counsel to the statements made by the county attorney during the progress of his argument, and the request of counsel for the attendance of the official stenographer, it was an abuse of discretion on the part of the trial court not to comply with the request, although not prejudicial to the rights of the defendant, since he was able in this case to have a common-law bill of exceptions settled sufficient to preserve his right.

The judgment and order are reversed and the cause is remanded for a new trial.

Associate Justices Matthews, Stewart and Morris concur.

Mr. Chief Justice Sands, absent on account of illness, takes no part in the foregoing decision.