STATE ex Rel. STIMATZ, Relator, v. DISTRICT COURT ET AL., Respondents.

(No. 7,733.)

(Submitted October 2, 1937. Decided November 22, 1937.)

[74 Pac. (2d) 8.]

512

 

*Mr. Thomas G. Stimatz, pro se,* submitted an original and a reply brief, and argued the cause orally.

*Mr. John K. Claxton,* for Respondents, submitted an original and a reply brief, and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This proceeding was instituted by Thomas G. Stimatz, relator, for a writ of review or some other appropriate writ, in the matter of the guardianship of Harold Le Roy Stimatz, a son of relator and a minor of the age of nineteen years. This court issued a writ commanding the district court to certify or cause to be certified a transcript of all of the papers and files in its possession, including all of the evidence taken in the proceeding in question. Pursuant to the writ a return was made certifying all of such records in the possession of the district court, but without any of the testimony given and received at the hearing. The return recited that the evidence was not recorded by the court reporter, and that no record was made of the testimony, and hence that it was impossible to make return thereof; that neither party requested that a stenographic record of the testimony be made; and that in the absence of such a request the district court proceeded in the "usual way" to hear the evidence without a stenographic record being made.

The record shows the following facts: Geraldine Cullinan filed a petition for appointment of herself as guardian, alleging that she was the nominee of the minor. Relator filed objections thereto upon the ground that he was a competent and suitable

person to be appointed guardian, and that, as the father of the minor, he was legally entitled to such appointment by virtue of section 10405, Revised Codes. Relator also filed a petition asking that he be appointed guardian, and Geraldine Cullinan filed objections thereto upon two grounds, viz.: that relator was not a fit and proper person to be appointed guardian, and that the minor had nominated her to be his guardian. As the matter then stood, there were petitions by both parties and objections by both. The court proceeded to hear both petitions and objections together. The objections of relator to the Cullinan petition were overruled, and the Cullinan objections to the appointment of relator were sustained without stating which of the two grounds was the basis for the court's action. The court then proceeded to appoint Geraldine Cullinan.

The petition here alleges the history of the matter and, in addition, sets forth that Geraldine Cullinan did not offer any testimony supporting her objections to the appointment of relator; that there was no record of the testimony made, and, therefore, there was no available record upon which to base an appeal; that an appeal without such record would be useless; that petitioner had no plain, speedy, or adequate remedy at law, or otherwise; and that the trial judge failed to preserve the record of the testimony and by reason thereof denied and deprived relator of any record on which to make an appeal.

The respondents filed a motion to quash on the ground that the affidavit filed by relator herein was insufficient, and that relator could have been afforded complete relief by appeal. The first question is whether the petition is sufficient to justify the exercise of the extraordinary powers of this court for the relief of the relator for his alleged wrongs.

Relator asserts that he is the father of the minor and is, therefore, entitled to preference in the matter of his guardianship, if he is competent to transact his own business and is otherwise suitable. He alleges that there was no evidence adduced supporting the objections that he was not a suitable person, and, therefore, assumes that the order of the court

514

was based solely upon the statutory right of the minor to nominate his own guardian. (Sec. 10403, Rev. Codes.)

It must be obvious that this court cannot ascertain from the record just which one of the two propositions moved the court in the exercise of its power to appoint a guardian. Admitting for the purpose of the sufficiency of the petition that there was no evidence touching the personal qualifications of relator, could he have had relief by appeal? He alleges that he could not have had such relief because of the absence of a record of the testimony. This fact, however, does not establish the fact of the absence of a remedy, because relator could have caused to be prepared and brought before this court a sufficient transcript of the evidence in the way of a common-law or bystander's bill of exceptions. (*State* v. *Hogan,* 100 Mont. 434, 49 Pac. (2d) 446.) But relator asserts that it was the duty of the trial court to have the evidence taken and preserved, and that he was prevented from taking an adequate appeal because of lapse of duty by the court. It is true that section 8929, Revised Codes, makes it the duty of the court stenographer to take full stenographic notes of testimony, except when the judge dispenses with such service; but this statute lodges a certain discretion in the trial court in the absence of a request by one of the parties. Had there been such a request and a refusal thereof, there would have been an abuse of discretion which could have been corrected at the time by proper procedure. (*State* v. *Hogan,* supra.)

There is no allegation in the petition that a request was made by relator, and he cannot now complain that there was an abuse of the court's discretion. He relies, however, upon sections 8930 and 8931, Revised Codes, for the preservation of a record. These sections cannot afford him relief because they have relation to circumstances when the official stenographer is in fact acting and taking a record. They do not relate to the duty of the stenographer to attend and take testimony. However, in view of the fact that it is always important to preserve a record of the proceedings in any controverted matter, we believe that a trial court, in the absence of an express stipulation waiving the

taking of the evidence, should inquire of the contending parties if a record is desired, and the records of the court should then be made to show the express waiver if in fact such waiver is made. In other words, the record of the proceeding should show why the record of the testimony was not made, i. e., whether by agreement or stipulation of the parties, or on account of the exercise of the court's discretion.

Part of the procedure in guardianship matters is contained in the chapters with relation to guardians and wards (secs. 10401 et seq., Rev. Codes). One of the sections in this subdivision of the Codes (10463) provides that the provisions of the general Probate Practice Act (secs. 10018 to 10401) shall govern the practice in guardianship matters in so far as applicable. Sections 10365 and 10366 provide that appeals in probate matters are to be taken in the same manner as ordinary appeals, and the provisions of sections 9008 to 9832, relative to new trials and appeals, shall apply to probate sections 10018 to 10464. Section 10367 provides that probate appeals must be taken within sixty days after the order or judgment is entered. Section 9731 specifically provides for an appeal from an order appointing a guardian, or an order granting or refusing to grant, revoking or refusing to revoke, letters of guardianship. Section 9732 again fixes the time for appeal at sixty days. It is then plain that the alleged injustices of which relator complains could have been alleviated, and proper and adequate relief could have been afforded by protection of the record, or by a common-law bill of exceptions as the basis for an appeal in the regular mode.

We are then brought to the question whether this court by supervisory control, or other extraordinary writ, may accomplish the result which could have been accomplished by appeal. In other words, is the fact that there is now no appeal available by virtue of the lapse of time, an emergency which will warrant the use of the extraordinary powers of this court? We think not. Usually, resort to an extraordinary writ is not proper where there is an adequate appeal. (*State ex rel. Meyer* v. *District Court,* 102 Mont. 222, 57 Pac. (2d) 778; *State ex*

*rel. Public Service Com.* v. *District Court,* 103 Mont. 563, 63 Pac. (2d) 1032.) But there are exceptions to that rule. Where it is obvious that the right of appeal is not adequate and could not afford proper relief, although it did exist, the writ may still issue. (*State ex rel. Gold Creek Min. Co.* v. *District Court,* 99 Mont. 33, 43 Pac. (2d) 249, and cases therein cited.) The cases to this effect are based upon the peculiar facts existent in each case to the effect that the appeal would not have afforded adequate relief, and none of them is based upon the fact that the complaining party allowed the time for appeal to elapse without availing himself of the statutory right of appealing in the usual manner. Therefore, since there is no question of inadequacy of appeal here, we are not required to pass upon that point.

There is nothing to show that the appeal would have been inadequate if a proper record had been made upon which to base it. This brings us to the proposition that relator could have had complete and adequate remedy by appeal and, therefore, that he cannot now invoke the emergency power of this court (see *State ex rel. Meyer* v. *District Court,* supra), and to do so would allow him to take advantage of his own laches; all of which points to the necessity of our sustaining the motion to quash.

The allegation of relator that he has no other remedy is without merit. As we have indicated, the court heard all petitions and objections thereto, as was its duty. However, in sustaining the objections to the appointment of relator the court did so without specifically saying whether it based its action on the ground of relator's unfitness, or on the basis of the right of the minor to nominate his own guardian. The objections were generally sustained, but the court recited in the order that the minor had filed his nomination of Geraldine Cullinan to be his guardian, and it is therefore argued here that the action was based solely upon the statutory right of the minor, without relation to the fitness of relator, and that because no evidence was taken as to the fitness of relator, he is now entitled to a construction of all the statutes with relation to the matter. In other words, it

is argued that the court followed section 10402, and disregarded section 10405, Revised Codes; and we are, and by reason thereof, asked to invoke the provisions of the latter section as against those of the former, and this in a case wherein there is no testimony before the court.

The important thing is that, after all, the major authority is vested in the court to appoint a proper guardian. Of course, the discretion of the court must be substantially controlled by our Code provisions already adverted to. Its discretion is in a sense restricted. From the record here it is apparent that, possibly, the court did not fully appreciate and apply the restrictions. If the charge be true that it merely followed the provisions of section 10402, without regard to the question of fitness of relator, then it follows that the qualifications of relator were not actually passed upon by the court, and the order refusing to appoint him did not render that issue *res judicata*.

It is apparent, therefore, that relator still has a plain, speedy, and adequate remedy at law by virtue of sections 10083 et seq. of the Probate Practice Act by petitioning for the ousting of the guardian without being met by a plea of *res judicata*. Without a record the court below is in no better position than this court to determine the basis of the appointment. It is obvious that if the appointment were based solely upon the statutory right of the minor to appoint his own guardian, the Probate Practice Act still gives relator the right to assert his statutory preference at any time. (Secs. 10083 et seq., Rev. Codes.) These sections remove the matter from the rule that the action of the trial court must be sustained by this court if any ground exists therefor in the record, and likewise they will prevent the application of the rule of *res judicata*. In that event it will be the duty of the court to interpret and reconcile the pertinent statutes (secs. 10402 to 10405). The application of these statutes, when construed, may develop the necessity to hear evidence on the question of the father's fitness.

Finally, it is obvious that relief cannot be afforded to relator by an extraordinary writ of this court, but there is available to him a proper procedure in the district court which will afford

him a plain, speedy, and adequate remedy for all his wrongs, which may be followed by a proper appeal to this court in the ordinary manner.

The motion to quash is sustained, and the application for the writ is denied.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. JUSTICE ANGSTMAN:

I dissent. The petitioner here alleged that there was no evidence introduced in the case before the trial court in support of Geraldine Cullinan's objections to his appointment. This allegation is not controverted by respondents, except that they have made it appear that one of her objections was sustained by proof, viz.: that she was the nominee of the son who was above fourteen years of age. Respondents do not here contend that there was any evidence before the court tending to show that the father of the boy, the relator here, was not a suitable person to be appointed guardian.

The record before us points strongly to the conclusion that the court adopted the view that, if both applicants for letters were suitable persons, the nominee of the minor over fourteen years of age is entitled to preference over the father. They make that contention here, and that is the only contention made so far as the merits of the case are concerned.

Respondents contend that under our statutes, after the minor arrives at the age of fourteen years, his nominee for guardian, if competent and suitable and approved by the court, is entitled to preference over the parent, though the parent may be competent and suitable. Whether this view is correct depends upon our statutes.

Section 10402, Revised Codes, provides: "If the minor is under the age of fourteen years, the court or judge may nominate and appoint his guardian. If he is fourteen years of age, he may nominate his own guardian, who, if approved by the court or judge, must be appointed accordingly." This is in ex-

actly the same language as section 1748 of the California Code of Civil Procedure, before it was superseded in 1931 by sections 1406–1408 of the Probate Code of 1931.

Section 10405 provides: "The father of the minor, if living, and in case of his decease, the mother, being themselves respectively competent to transact their own business, and not otherwise unsuitable, must be entitled to the guardianship of the minor. A married woman may be appointed guardian." This statute has been in force in Montana in its present form since 1895. So far as it relates to the father of the minor, it has been in effect since 1877, having then been adopted verbatim from the California Codes.

Until 1931 the California statute dealing with this matter was section 1751 of the California Code of Civil Procedure, reading: "The father or the mother of a minor child under the age of fourteen years, if found by the court competent to discharge the duties of guardianship, is entitled to be appointed guardian of such minor child, in preference to any other person. The person nominated by a minor of the age of fourteen years as his guardian, whether married or unmarried, may, if found by the court competent to discharge the duties of guardianship, be appointed as such guardian. The authority of a guardian is not extinguished nor affected by the marriage of the guardian."

The California statute was originally enacted in 1872, and then was as follows: "The father of the minor, if living, and in case of his decease the mother, while she remains unmarried, being themselves respectively competent to transact their own business and not otherwise unsuitable, must be entitled to the guardianship of the minor." It was amended in 1891 [page 136] to read as above indicated until again changed in 1931.

In California the courts have held that under their statutes, as they existed prior to 1931, when a minor reaches the age of fourteen years his nominee, if suitable and approved by the court, displaces the rights of the parent, even though the parent may be competent and suitable, and have held that in such a case the only question presented to the court for determination

is the suitability of the nominee. (*In re Meiklejohn's Estate,*
171 Cal. 247, 152 Pac. 734; *In re McSwain's Estate,* 176 Cal.
287, 168 Pac. 117; *Collins* v. *Superior Court,* 52 Cal. App. 579,
199 Pac. 352.) That these decisions are correct under the then
existing California statutes there can be no doubt. Section
1751 of the California Code, by its express terms, gave the
parent the preferential right only so long as the minor was
below the age of fourteen years. Our section 10405 does not
contain such a limitation. It makes it mandatory that the
parent, if competent to transact his own business and if not
otherwise unsuitable, must be entitled to the guardianship of
the minor. It does not limit the preferential right to letters
of guardianship of minors below the age of fourteen years, as
did the California statute.

Our legislature has not seen fit to make the same changes in
our section 10405 as did California in its corresponding section
1751 involved in the above-cited cases. The difference in the
statutes compels a different result. I think under our statutes
the father is absolutely entitled, as a matter of right, to be
appointed guardian of his minor child, unless it is shown either
that he is not competent to transact his own business, or is
otherwise unsuitable. This construction does not nullify sec-
tions 10402 and 10404. Those sections must be read in con-
junction with section 10405. The minor above fourteen years
of age is free to nominate a suitable person to act as his guardian,
subject to the restrictions of section 10405, viz., that he can-
not displace the right of the father or, in case of his decease,
the mother, unless they are unsuitable or incompetent to
transact their own business, or unless they voluntarily re-
nounce their right to letters. That this is the legislative in-
tent is also apparent from section 5878. It provides, in part,
that: ''In awarding the custody of a minor, or in appointing
a general guardian, the court or officer is to be guided by the
following considerations: * * * 3. Of two persons equally
entitled to the custody in other respects, preference is to be given
as follows: First—To a parent.''

Giving section 10402 the most advantageous construction in favor of the minor's nominee, it still would have to be held that the nominee, if competent and suitable, would merely occupy a position of equality, except as to relationship, with the father under section 10405, if he also is competent and suitable, leaving the matter for the court to choose between the two who stood on equal grounds in other respects. Under section 5878, supra, then the father would have the preference.

Respondents by their motion to quash assert that relator has a plain, speedy, and adequate remedy at law by an appeal from the order complained of. As stated in the majority opinion, there was no record made of the testimony, and hence relator believed he could not make his appeal effectual. The extraordinary powers of this court are available by supervisory control when an appeal is inadequate. (*State ex rel. Tillman* v. *District Court,* 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376, and cases therein cited.)

Respondents contend that relator could and should have prepared the testimony for use on appeal by means of a bystander's bill. Had he, or someone for him, taken sufficient notes of the testimony, it could have been preserved otherwise than by the official stenographer. (*York* v. *Steward,* 30 Mont. 367, 76 Pac. 756.) Respondents by their return have asserted that it was impossible for them to present the evidence to this court, and, this being true, it would likewise seem at least difficult, if not impossible, for relator to have done so on an appeal. At any rate, since the writ of supervisory control does not issue as a matter of course but rests in the discretion of the court (*In re Weston,* 28 Mont. 207, 72 Pac. 512), I think that discretion should be resolved in favor of the use of the writ here. Under the circumstances presented here, if the father is competent and suitable to act as guardian, it would palpably be unjust to permit the appointment, which was apparently made on the erroneous interpretation of the statutes, to stand simply because of the method by which the question is presented to this court.

I think we should take jurisdiction of this cause under our supervisory powers. Were I able to agree with what my associates have said on the question of *res judicata*, I might have seen fit to at least concur in the result announced in their opinion, but I think they are in error in holding that relator's fitness will not have become *res judicata*, and in holding that he will still have a remedy under section 10083.

Section 10083 has to do with letters of administration of estates of deceased persons. If we concede it has application likewise to letters of guardianship by virtue of section 10463, I think it does not help relator. Section 10083 will not permit a person who has once had his day in court and lost, to relitigate the same questions after the judgment against him has become final. The plea of *res judicata* has application to orders and decrees in probate proceedings. (*In re Baxter's Estate*, 101 Mont. 504, 54 Pac. (2d) 869.) A judgment is conclusive as to every matter tendered by the issues in the proceeding (*Swaim v. Redeen*, 101 Mont. 521, 55 Pac. (2d) 1) and of everything which might have been urged for or against such issues. (*Brennan v. Jones*, 101 Mont. 550, 55 Pac. (2d) 697.) If relator can avail himself of section 10083, he will have to do so by pleadings tendering exactly the same issues that were presented in this proceeding. I think this is a plain case requiring application of the doctrine of *res judicata*.

In order to afford relator the relief to which I think he is entitled, I believe we should set aside the order complained of in the exercise of the supervisory powers of this court.