GEORGE NIEWOEHNER, Relator, v. THE DISTRICT COURT of the FOURTEENTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Meagher, and the HONORABLE JOHN B. McCLERNAN, Presiding Judge thereof, Respondents.

No. 10558

Submitted March 11, 1963. Decided April 22, 1963.

381 P.2d 464.

George Niewoehner, (argued orally) Helena, for appellant.

Richard J. Conklin, (argued orally) White Sulphur Springs, for respondent.

PER CURIAM.

This is an original proceeding. On the petition of the relator filed February 4, 1963, we issued a writ of certiorari to review a judgment of contempt.

The petition made this showing, in brief. Petitioner is an attorney who appeared pro se. Petitioner had been found guilty of contempt at a hearing on January 30, 1963, held at White Sulphur Springs, Meagher County, and sentenced to ninety days and fined $500. The district judge thereupon granted a five-day stay of execution. On February 4, 1963, this application was made. In addition to the sentence recited, the petition also made a showing that: (a) petitioner, upon being cited to show cause why he should not be held in contempt, had appeared and demanded the presence of a court reporter which demand was denied; and (b) had challenged the jurisdiction of the district court under a rather bizarre situation which will be more fully set forth.

Since R.C.M.1947, § 93-9810, limits punishment for contempt to five days and $500 fine, on the face of the above showing in the petition, our Writ on the fifth day of the five-day stay of execution was proper.

Upon the return day, the district court made its showing which revealed that on the same date our writ issued, a judgment had been filed in district court, which judgment of conviction of contempt set the penalty at five days and $500 fine rather than of ninety days as previously announced by the court from the bench.

We shall narrate the situation which we have heretofore described as a rather bizarre one. The files of the district court have been forwarded to us on the return of the district court. There we find that on March 1, 1961, petitioner had sued Mary Priscilla Niewoehner for divorce in Madison County, in Cause No. 5411, both parties being residents of Meagher County. The grounds were mental cruelty. Two days later, on March 3, 1961, a waiver of time to further plead and a consent to entry of default executed by the wife was filed by the petitioner. Default was entered the same day and a decree of divorce signed and filed No provision was made for custody or support of minor children.

Subsequently, on July 6, 1962, some sixteen months later, petitioner filed a motion entitled "Plaintiff's Motion as to Child Custody." There it was revealed that three children of the marriage existed. It was also revealed that an action had been commenced in Meagher County in Cause No. 3905 by Priscilla against petitioner seeking a restraining order to prevent petitioner from entering the home of Priscilla and interfering with custody.

In Cause No. 3905 in Meagher County, filed June 21, 1962, Priscilla had alleged a trespass of her home, an assault and battery of her body, threats and fear for her safety. Petitioner had been ordered on June 29 to show cause why a temporary restraining order should not be made permanent. On July 3,

4

1962, petitioner disqualified District Judge Nat Allen in Meagher County. On July 9, Judge Allen called in Judge Victor H. Fall to assume jurisdiction which he did on July 10. On that day, petitioner disqualified Judge Fall. On July 11, Judge Allen called in Judge John B. McClernan who assumed jurisdiction on July 16, 1962.

Meantime, switching back to Cause No. 5411 in Madison County, District Judge Philip C. Duncan had issued an order to show cause, ordering Priscilla to appear in Madison County on July 20, 1962. On July 11, 1962, Judge Duncan was disqualified by Priscilla. On the same day a motion for change of venue from Madison County to Meagher County was made by Priscilla. One July 16, 1962, Judge Duncan called in Judge McClernan who assumed jurisdiction on July 17, 1962. On September 10, 1962, the cause was transferred from Madison to Meagher County.

Now we turn back to Cause No. 3905 in Meagher County, Judge McClernan now has jurisdiction of both causes in Meagher County. On September 28, 1962, petitioner presented an affidavit in Cause No. 3905 in which petitioner asserts an ownership in Priscilla's home, and, upon this showing, ex parte, in chambers in Butte, Montana, Judge McClernan signed an order removing the temporary restraining order previously made by Judge Allen. This order was filed in Meagher County on October 1, 1962.

On October 2, 1962, Judge McClernan, after reciting the above order, reinstated the temporary restraining order upon a showing referred to as "plaintiff's [Priscilla's] affidavit, testimony, and affidavit of Gladys Hesler, Treasurer of Meagher County" on October 10, 1962.

All of this leads up to the present proceedings. On January 21, 1963, Priscilla presented to Judge McClernan an Affidavit of contempt in Cause No. 3905 alleging the existence and service of the above-referred to restraining order, and that petitioner had on January 19, 1963, and January 20, 1963, forcibly,

by breaking a window, entered Priscilla's residence, threatened her, removed papers, a television set, a phonograph-radio, paintings and other things. On January 22, 1963, Judge McClernan signed an order to show cause which recited:

"Upon reading the affidavit on file by the plaintiff, Priscilla Niewoehner, charging defendant George Niewoehner with willful contempt of this court, and sufficient cause appearing ing therefrom, it is hereby ordered that the said George Niewoehner be and appear before this court in open court at the Court Room thereof in White Sulphur Springs, Meagher County, Montana, on the 30th day of January 1963, at 1:00 o'clock P.M., to show cause if any he has why he should not be punished for contempt as alleged in said affidavit.

"It is hereby ordered that a copy of this order together with a copy of said affidavit be served upon said George Niewoehner immediately.

"Dated this 22 day of January, 1963."

The record reveals that a copy of the order was served on petitioner by the sheriff of Lewis and Clark County but that the copy of the affidavit was not served.

As shown by the order recited, the date of January 30, 1963, at 1:00 P.M. was set. The court minutes of January 30 reveal the following:

"Civil Case No. 3905
"Priscilla Niewoehner,

Plaintiff,

vs.

George Niewoehner,

Defendant.

"This being the day set for hearing on an Order to Show Cause brought on by the plaintiff in the above-entitled action against the defendant for Contempt of Court, the plaintiff with her counsel, Mr. Richard J. Conklin, Esq., and the defendant George Niewoehner, Esq., appearing pro se, were present in person in the courtroom. The parties were asked by

6

the Court if they were ready to proceed with this hearing, to which the plaintiff through counsel replied they were ready to proceed. The defendant stated he was not ready to proceed and called the Court's attention to two Affidavits of Disqualification filed with the Clerk of Court this date in case No. 3905, Priscilla Niewoehner vs. George Niewoehner, and case No. 3929, George Edward Niewoehner vs. Mary Priscilla Niewoehner. After due consideration, the Court accepted the Affidavit of Disqualification in case No. 3929 and disregarded the Affidavit of Disqualification in case No. 3905.

"Mr. Niewoehner then demanded that a Court Reporter be present for this hearing and the Court denied the demand. Two Affidavits prepared by the defendant showing the cause of action has been prejudged in case No. 3905 and case No. 3929 were handed to the Clerk of Court for filing and presented to the Court, whereupon Mr. Niewoehner withdrew the Affidavit showing the cause of action has been prejudged in case No. 3929. The affidavit showing the cause of action has been prejudged was duly filed in cause No. 3905 and thereby made a part of the file in open court.

"Upon request by Mr. Niewoehner to look at the Montana statutes concerning the demand for a Court Reporter, Court was recessed for five minutes. At the end of which time, the Court asked Mr. Niewoehner what his plea was.

"Now comes George Niewoehner and moves the Court for an order disqualifying John B. McClernan for prejudging this cause of action. The Motion was denied.

"Now comes George Niewoehner for the purpose of objecting to the hearing on the order to show cause for the reason this Court has no jurisdiction over the person of this defendant and states the defendant had not been served with the Plaintiff's Affidavit which accompanied the order to show cause on file in this court. Motion denied.

"The Court then asked for the plea of the defendant and the defendant, George Niewoehner, refused to appear and

plead at this time, whereupon the Court entered a plea of 'Not Guilty' for the defendant, George Niewoehner.

"The plaintiff, Priscilla Niewoehner, was sworn and questioned on direct examination by Mr. Conklin and cross-examined by the defendant. The plaintiff then closed.

"The Court, after having heard the evidence presented by the plaintiff and offering the defendant an opportunity to present evidence, which offer was declined by the defendant George Niewoehner, and the defendant stating he had no evidence to offer and stands on the evidence presented; and the Court having duly considered the evidence introduced by the plaintiff, the Court finds the defendant 'Guilty of Contempt of Court' and sentences said defendant to ninety (90) days in the County Jail, Meagher County, Montana.

"The Court stated that it would entertain a request for a five (5) day stay of Execution. The defendant requested he be granted the five (5) day stay of Execution and it was so granted by the Court.

"The County Attorney was instructed to notify the Sheriff of Meagher County to proceed with the execution on the 4th day of February, 1963, unless otherwise directed by an order from a higher court.

"Court adjourned."

As recited in our opening statement on February 4, 1963, the order was made sentencing petitioner to five days and fining him $500. The order, prepared and signed by Judge McClernan on February 1, 1963, and filed on February 4, 1963, is revealing. It recites:

"Whereas, on the 30th day of January, 1963, at the time and place set for hearing the Order to Show Cause as to why the defendant should not be held in contempt, the plaintiff appeared in person and was represented by her attorney, Richard J. Conklin, and the defendant appeared in person and was represented by himself; The defendant moved this Court by virtue of an Affidavit of Disqualification in Cause No. 3905

8

and Cause No. 3929 to disqualify. Said motion was sustained in regard to Cause No. 3929 but denied as to Cause No. 3905 on the grounds and for the reason that defendant had exhausted said motion previously, whereupon defendant demanded appearance of a court reporter and moved this Court to provide the same. Said motion being denied, defendant filed an affidavit of prejudging in Causes No. 3905 and 3929 and moved this court in Cause No. 3905 to disqualify himself on the grounds of prejudice. Said motion being denied defendant withdrew the motion in Cause No. 3929. Whereupon defendant George Niewoehner objected to the jurisdiction of this court on the grounds and for the reason that he had not been served with a copy of the plaintiff's Affidavit on file in said cause and forthwith stated that he specifically appeared for the purpose of objecting to said jurisdiction and moved this Court to dismiss said Order to Show Cause. The motion was denied, whereupon the Court requested the defendant to plead. Defendant declined to enter any plea, whereupon said court entered a plea of not guilty for the defendant, whereupon the plaintiff was sworn and testified on direct examination as to the contents of her affidavit for a period of approximately thirty-four minutes *during which time the defendant actively objected to the form, content and relevancy* of said direct examination, whereupon this Court advised defendant that he could cross-examine said witness if he so desired, further *that as an attorney he knew the consequences of his act of cross-examining said witness and would cross-examine said witness at his own risk, whereupon said defendant determined to cross-examine said witness concerning her testimony* regarding her affidavit for a period of approximately fifty-two minutes, at the conclusion of which plaintiff rested and the defendant was requested to submit any evidence should he desire. Defendant stated he had no evidence, whereupon the Court again requested the defendant, if he wished, to submit any defense and the defendant declined. Said matter having been submitted, this Court

found the defendant guilty of contempt and sentenced said defendant to ninety days in the County Jail and directed the County Attorney to order the Sheriff to execute said sentence. This Court further advised the defendant he would entertain a five-day stay of execution, *whereupon defendant moved for said stay,* and the same was granted.

"Now, therefore, it is hereby ordered, and this does ORDER, ADJUDGE AND DECREE that the above-entitled Order is amended *nunc pro tunc* to read as follows:

"That the defendant is sentenced to imprisonment not to exceed five days and is herewith fined the sum of Five Hundred Dollars ($500.00) ; that should defendant fail to pay said Five Hundred Dollars ($500.00) on or before the 11th day of February, 1963, he is to be imprisoned for a period of time not to exceed ninety (90) days ; further that the defendant is to immediately and forthwith return to the plaintiff the articles described in the plaintiff's Affidavit which he contemptuously removed in defiance of the order of this Court, to the property of the plaintiff until their ownership can be fully determined by this Court, and defendant is to be imprisoned for an additional period until such return is accomplished to the satisfaction of this Court.

"Dated this 1st day of February, 1963." Emphasis supplied.

On this review, the petitioner asserts that the district court's *nunc pro tunc* order correcting the judgment violated this court's Writ. Of course, such a contention is without merit. The district judge had prepared the order on February 1, 1963. It had been sent from Silver Bow County to Meagher County and was filed on February 4, 1963, before this court had acted.

The other contentions of petitioner are :

(1) The denial of a court reporter ;

(2) Defective service of process, viz., a copy of the affidavit of contempt was not served ; and

(3) Penalty excessive.

10

All of these lead to the question of whether the district court exceeded its jurisdiction in finding the petitioner guilty of contempt.

We shall dispose of the latter point made by petitioner first. The judgment filed was within statutory limits. R.C.M.1947, § 93-9810, provides:

"Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a·fine may be imposed on him not exceeding five hundred dollars, or he may be imprisoned not exceeding five days, or both."

Clearly here, even though the judge announced an erroneous judgment from the bench, the judgment filed was proper. At most it could be called a harmless, technical error. The judge had granted a five day stay of execution. It was during this that the error was corrected and no prejudice resulted. (See Rules 60(a), 59(a), M.R.Civ.P.)

The contention that the lack of a court reporter violated the rights of the petitioner is next made. R.C.M.1947, § 93-1902, in part, provides:

"Each stenographer must, under the direction of the judge, attend all sittings of the court, take full stenographic notes of the testimony, and of all proceedings given or had thereat, *except when the judge dispenses with his services in a particular cause,* or with respect to a portion of the proceedings therein."

In State ex rel. Stimatz v. District Court, 105 Mont. 510, 514, 74 P.2d 8, this court said:

"* * * He alleges that he could not have had such relief because of the absence of a record of the testimony. This fact, however does not establish the fact of the absence of a remedy, because relator could have caused to be prepared and brought before this court a sufficient transcript of the evidence in the way of a common-law or bystander's bill of exceptions. State v. Hogan, 100 Mont. 434, 49 P.2d 446. * * * It is true that sec-

tion 8929, Revised Codes 1921 [now R.C.M. 1947, § 93-1902], makes it the duty of the court stenographer to take full stenographic notes of testimony, except when the judge dispenses with such service; but this statute lodges a certain discretion in the trial court in the absence of a request by one of the parties. Had there been such a request and a refusal thereof, there would have been an abuse of discretion which could have been corrected at the time by proper procedure. State v. Hogan, supra.''

Thus, here, we look to the circumstances as related in the fore-quoted minutes and judgment to see, not whether there was an abuse of discretion in refusal by the judge to provide a reporter; but rather, whether petitioner waived his rights by actively taking part in the hearing. Here, of course, petitioner is an experienced lawyer. The court warned him of the consequences of his active participation. Thus, he knowingly waived whatever right he might have had.

Now, turning to the contention that failure to serve, with the order to show cause, a copy of the affidavit of contempt upon which it was based is such as to be a violation of petitioner's rights. This court in Hogevoll v. Hogevoll, 117 Mont. 528, 538, 162 P.2d 218, 223, in discussing issuance of summons had this to say:

''* * * this court has repeatedly held that by a general appearance defendant waives issuance of summons * * * and objections to jurisdiction over his person. [Citing cases.]''

And in State ex rel. Murphy v. District Court, 99 Mont. 209, 212, 41 P.2d 1113, 1115, we said:

''Relator first asserts that the court was without jurisdiction by reason of the failure to serve a copy of the affidavit upon him with the order to show cause. Service of process affects only jurisdiction over the person and may be waived, and, by appearing and contesting the application on the merits, the defendant waived any defect in service, if any defect there was. When a party desires to challenge the court's au-

thority, he must do so by special appearance and 'keep out of court for all other purposes' (Hinderager v. MacGinnis, 61 Mont. 312, 202 P. 200, 202; Gravelin v. Porier, 77 Mont. 260, 250 P. 823), and he cannot preserve his rights by reservation (State ex rel. Bingham v. District Court, 80 Mont. 97, 257 P. 1014).''

 Here, petitioner, a counsel of long experience, who representing himself, was found by the court to have deliberately, knowingly, and contemptuously violated a court order, received a sentence of five days in jail and a fine of $500. It is apparent from the files in the case that other direct contempts were committed, and unless we were to abrogate the trial court's powers, the judgment must be and is affirmed. The matter is remanded to the district court for such further proceedings as seem just in the circumstances.