JACKWAY, APPELLANT, *v.* HYMER, RESPONDENT.

(No. 2,878.)

(Submitted September 28, 1910.    Decided October 31, 1910.)

[111 Pac. 720.]

*Appeals—Statutory   Time   for   Taking—Noncompliance—Dismissal.*

1. An appeal from a special order, made after final judgment, ordered dismissed for want of jurisdiction in the supreme court to entertain it, where the notice of appeal was not filed and served until two days after the statutory period (sixty days) within which an appeal from such an order may be taken, had expired.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

ACTION by W. E. Jackway against William E. Hymer. From a special order made after final judgment, defendant appeals. Dismissed.

Cause submitted on briefs of counsel.

*Mr. E. R. Duffie*, for Appellant.

*Mr. George W. Pierson*, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an attempted appeal from a special order made after final judgment. Respondent contends that this court has no jurisdiction of the appeal; that the appeal was not taken within the time limited by law, and should therefore be dismissed. Section 7099, Revised Codes, provides that an appeal from such an order must be taken within sixty days after the order is made or filed with the clerk. The record discloses that the order in question was made and filed on December 7, 1909. Section 7100, Revised Codes, provides that an appeal is taken by filing and serving a notice of appeal. The notice of appeal in this instance was filed and served on February 7, 1910. Section 6219, Revised Codes, provides: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded." February 7, 1910, was not a holiday. Excluding December 7th and including February 7th, and we find that the first attempt to take this appeal was made on the sixty-second day after the order was made and filed. While the Constitution secures to a litigant the right of appeal, it does so only on condition that he complies with "such regulations as may be prescribed by law." (Constitution, Art. VIII, sec. 15.) The Codes having prescribed the time within which an appeal

may be taken, a compliance with the statutory provisions is necessary to give this court jurisdiction of the appeal. (*Ogle* v. *Potter*, 24 Mont. 501, 62 Pac. 920; *Wright* v. *Matthews*, 28 Mont. 442, 72 Pac. 820; *Featherman* v. *Granite County*, 28 Mont. 462, 72 Pac. 972; *State ex rel. Walkerville* v. *District Court*, 29 Mont. 176, 74 Pac. 414; *Vreeland* v. *Edens*, 35 Mont. 413, 89 Pac. 735; *Hopkins* v. *Kitts*, 37 Mont. 26, 94 Pac. 201; *Kaufman* v. *Cooper*, 38 Mont. 6, 98 Pac. 504; *Reynolds* v. *Fitzpatrick*, 40 Mont. 593, 107 Pac. 902.)

Since the appellant did not take his appeal within the time limited by law, this court has not acquired jurisdiction of the cause and can only dismiss the pretended appeal, which is accordingly done.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.