NOE, APPELLANT, v. CAMERON, RESPONDENT.

(No. 4,678.)

(Submitted February 7, 1922. Decided March 13, 1922.)

[205 Pac. 256.]

*Landlord and Tenant—Leases—Failure to Make Repairs After Notice—Remedies—Abandonment of Lease—Breach of Covenants—Action for Damages.*

Landlord and Tenant—Lessor's Failure to Repair—Action for Damages Does not Lie.
1.   Where a landlord, after notice of dilapidations in a hotel building in need of repair, failed to repair, the tenant under section 7742, Revised Codes of 1921, had the option of making the repairs himself at a cost not to exceed one month's rent and deduct the expense from the rent, or vacate the premises without further liability for rent, but had no cause of action for damages for injury to his personal property and for loss of profits.

Same—Abandonment of Lease—Breaches of Covenants—Lessee cannot Sue for Damages.
2.   After a lessee surrenders leased premises to his lessor, who accepts and occupies them, the lessee cannot thereafter maintain an action for damages for breaches of covenants in the lease by which he justifies his abandonment of it.

*Appeals from District Court, Yellowstone County; Charles A. Taylor, Judge.*

ACTION by A. L. Noe against M. A. Cameron. Judgment for defendant, and plaintiff appeals from it and an order denying his motion for a new trial. Affirmed.

*Mr. J. W. Snellbacher* and *Mr. E. E. Enterline,* for Appellant, submitted a brief; *Mr. Snellbacher* argued the cause orally.

The exclusion of the evidence offered by the appellant which if admitted would have tended to establish the fact that the appellant was disturbed in his peaceful and quiet occupancy of the premises by the acts of the respondent landlord, in installing the water plant and cesspools was prejudicial error. (Sec. 5217, Rev. Codes 1907; *McDowell* v. *Hyman,* 117 Cal. 67, 48 Pac. 984.)

Specifications of error No. 13 concerns the exclusion of proof in reference to the installation of the heating plant. The respondent claimed in his answer that he was released by reason of an agreement made with the appellant and the appellant claimed in his reply that such release or agreement was procured by certain fraudulent representations. The allegations of fraud concerning the execution of the release relied upon by respondent were such, if true, as to avoid the release. (*Power & Bro.* v. *Turner,* 37 Mont. 521, 97 Pac. 950.)

The right of appellant to recover damages for the loss of contemplated profits in his hotel business is given by the statute and upheld by this court and by the appellate courts of other states. (Rev. Codes 1907, sec. 6048; *Brazell* v. *Cohn,* 32 Mont. 556, 81 Pac. 339; *Carlson* v. *Stone-Ordean-Wells Co.,* 40 Mont. 434, 107 Pac. 419; *Brown* v. *Hadley,* 43 Kan. 267, 23 Pac. 492; *Pacific Steam Whaling Co.* v. *Alaska P. Assn.,* 138 Cal. 632, 72 Pac. 161; *Long* v. *O'Brien,* 28 Ky. Law Rep. 1062, 91 S. W. 659; *Emerson* v. *Pacific Coast Packing Co.,* 96 Minn. 1, 1 L. R. A. (n. s.) 445, 113 Am. St. Rep. 603, 6 Ann. Cas. 973, 104 N. W. 573; *Wilson* v. *Wernwag,* 217 Pa. 82, 10 Ann. Cas. 649, 66 Atl. 242; *Parkinson* v. *Langdon et al.,* 36 Cal. App. 80, 171 Pac. 710.)

*Messrs. Reynolds & Shea,* for Respondent, submitted a brief; *Mr. Thomas F. Shea* argued the cause orally.

It is apparent that the theory of the complaint is, not that plaintiff was dispossessed or interfered with in his quiet and peaceable possession of said premises by reason of the construction or installation of said water system, cesspools or lavatories, or that the same were constructed against the will and without the consent of the plaintiff, but, rather, that plaintiff was damaged by reason of defendant's failure to repair after being notified, and respondent contends that the rights of the parties are governed wholly by sections 5226 and 5227 of the Revised Codes of 1907. These sections were construed in *Bush* v. *Baker,* 51 Mont. 326, 152 Pac. 750, and in support of our con-

tention we refer to it and the case of *Dier* v. *Mueller,* 53 Mont. 288, 163 Pac. 466.

Counsel argue that the excluded evidence should have been admitted under the provisions of section 5217 of the Revised Codes of 1907, and in support of his argument quotes at length from *McDowell* v. *Hyman,* 117 Cal. 67, 48 Pac. 984, in which case a section identical with section 5217 above is construed. A comparison of the facts in *McDowell* v. *Hyman,* above, with the present case will show that there is this distinction: In the California case the improvements were constructed against the will of and against the consent of the tenant, and were not constructed upon or for the use of the premises occupied by the tenant. Besides, the improvements were of such a nature as to render uninhabitable the premises occupied by the tenant. In the present case the improvements were constructed with the consent and approval of the tenant and there is no claim that the improvements in themselves rendered the premises uninhabitable, or that they interfered with the quiet and peaceable possession of plaintiff. Appellant claims that the right to recover damages for the loss of contemplated profits in his hotel business is given by section 6048 of the Revised Codes of 1907. It provides for the measure of damages for the breach of an obligation arising from contract. But counsel fails to show the application of said section to the case in question. In *Parkinson* v. *Langdon,* 36 Cal. App. 80, 171 Pac. 710, the court quotes a California Code section identical with section 6048: "No hard-and-fast rule can be formulated by which it may be determined with invariable certainty to what cases or class of cases the Code section applies, and under what circumstances it may be said that the detriment caused by the breach of a contract was 'proximately caused' by the breach, or was of such a character as 'in the ordinary course of things would be likely to result therefrom.' The application of the rule depends much upon the facts in the given case." There is no showing of any kind in this case that would furnish any basis upon which to estimate loss of profits. Such a showing is necessary.

(See *Blaustein* v. *Pincus,* 47 Mont. 202, Ann. Cas. 1915C, 405, 131 Pac. 1064.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action defendant prevailed in the district court. The plaintiff has appealed from the judgment and an order denying his motion for a new trial.

The action was brought to recover damages alleged to have been sustained by the plaintiff as the lessee of the defendant of a building situated in the town of Broadview, in Yellowstone county, known as the Golden West Hotel. The term of the lease was to begin on January 1, 1917, and to continue to January 1, 1922. The plaintiff obligated himself therein to pay rent at the rate of $200 per month on the first day of each month, and to discharge from time to time water rents that would be assessed upon the premises during the term of the lease; to make all temporary repairs at his own expense; to keep the premises in a clean and healthy condition; not to sublet them or assign the lease except by the consent of the defendant; and to keep the premises free from lewdness, gambling, tippling, *etc.* Upon the breach of any of the conditions, the lessor was entitled to forfeit the lease and reassume possession. On his part, the lessor did not assume any obligation other than those imposed upon him by law, except that he agreed to install a heating system sufficient to warm the building, within twelve months after the date upon which the term commenced.

It is alleged, in substance, that the plaintiff entered into the possession of the premises, and kept and performed all the conditions of the lease to be kept and performed on his part, until January 1, 1918, when he quit the premises and delivered them to the defendant, who is now in possession of them; that he abandoned the lease because the defendant failed to perform his obligations thereunder in these particulars: That the defendant failed to install the heating system; that the water-

pipes leading into the building from the town mains frequently froze and burst during cold weather, so that the supply of water was cut off and the plaintiff was compelled to carry or haul water to enable him to conduct his hotel business; that the roof of the building became out of repair, so that water from rains and melting snow leaked through into the rooms and upon the beds therein; that the defendant installed lavatories in the building after the term of the lease began, and constructed cesspools nearby on the outside to receive the waste water and other material therefrom, which thereafter began to leak so that the polluted water and offensive matter flowed into the basement of the building and into provisions stored therein, spoiling them, and backed up into the pipes connected with the lavatories, with the result that offensive and noxious odors permeated the building; and that, though given notice of these conditions and requested to remedy them, defendant failed and refused to make the necessary repairs. It is further alleged that the acts of the defendant in failing to install the heating plant and to make repairs were wanton and oppressive, and that by reason thereof plaintiff suffered damage in the loss of profits in the sum of $10,000. Judgment is demanded for this sum.

The answer admits that defendant leased the premises to plaintiff; that plaintiff entered into possession of them and occupied them until January 1, 1918, when he abandoned them and delivered possession to the defendant; and that defendant did not install the heating plant as he agreed under the terms of the lease. It denies all the other material allegations of the complaint. It further alleges two special defenses, upon which the plaintiff joined issue by reply.

At the commencement of the trial the defendant objected to the introduction of any evidence on the ground that the complaint did not state a cause of action. The objection was overruled. At the close of plaintiff's evidence the defendant moved for a directed verdict on the grounds that the complaint did not state a cause of action, and that the evidence was insuffi-

cient to make out a case upon which recovery could be had. The court sustained the motion, and directed the jury to render a verdict for the defendant.

So far as recovery is sought for damages for a failure of the [1] defendant to make repairs after notice by the plaintiff, the complaint wholly fails to state a cause of action. In section 7741, Revised Codes of 1921, it is declared: "The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof which render it untenantable, except such as are mentioned in section 7734."

Section 7742 provides: "If, within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, where the costs of such repairs do not require an expenditure greater than one month's rent of the premises, and deduct the expenses of such repairs from the rent, or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions." The exception found in section 7734 includes injuries to the rented property occasioned by the ordinary negligence of the tenant. Sections 7741 and 7742 were considered and applied by this court in the cases of *Bush* v. *Baker*, 51 Mont. 326, 152 Pac. 750, and *Dier* v. *Mueller*, 53 Mont. 288, 163 Pac. 466, they being sections 5226 and 5227 of the Revised Codes of 1907. In both of them the construction given by the supreme court of California to identical provisions found in the Civil Code of that state was adopted and approved. In the case of *Bush* v. *Baker, supra,* this court, speaking through Mr. Justice Sanner, said: "The statutes under which the right to recover upon these counterclaims [for rent] is asserted are sections 5226 and 5227 of the Revised Codes. These sections, as we are told in the report of the Code Commission, were taken from California, and investigation discloses that they came to us with a construction upon them which leaves no room for doubt. [Cases cited].

This construction is to the effect that, if the landlord fails to repair after notice, the tenant may himself repair, within a certain limit, or move out; but he has no redress in damages for injury to person or property consequent upon the landlord's failure to repair. Whether this construction be right or not, it was presumably adopted with the sections themselves, it constitutes a rule of property, and the courts of this state are without authority to alter it.''

Upon defendant's objection to the evidence offered by plaintiff in support of the allegations of the complaint in this behalf, the court properly excluded it. In so far as this feature of the complaint is concerned, plaintiff could not recover. He had the option to make repairs himself within the limit prescribed, or, in case he did not choose to do this, to vacate the property.

Aside from this consideration, however, it is alleged in the [2] complaint: ''That the plaintiff entered into the possession of the premises and kept and performed all the conditions of the lease to be kept and performed on his part until January 1, 1918, when he quit the premises and delivered them to the defendant who is now in possession of them.'' It thus affirmatively appears that the plaintiff surrendered the possession of the premises to the defendant, who accepted the surrender and entered into the possession. This presents the question whether, after a lessee has surrendered the leased premises to his lessor, who accepts and occupies them, he can thereafter maintain an action for damages for breaches of covenants in the lease by which he justifies his abandonment of it. We think this question must be answered in the negative. Whatever remedy he may have against the lessor, he cannot maintain an action for breach of any covenant of the lease which by his own conduct he shows he has abandoned. Under these circumstances he cannot insist upon a right of recovery against the lessor for any breach of it. In other words, by his own conduct he has repudiated the lease, and stands in no position to insist that the lessor is bound by its terms. From this point of view the

complaint wholly fails to state a cause of action, and the court was right in directing a verdict for defendant.

The judgment and order are affirmed.

*Affirmed.*

Associate Justices Cooper, Holloway and Galen, concur.

Associate Justice Reynolds, being absent, takes no part in the foregoing decision.