NOE, RESPONDENT, *v.* MATLOCK ET AL., APPELLANTS.

(No. 4,698.)

(Submitted March 15, 1922.   Decided June 28, 1922.)

[208 Pac. 591.]

*Conversion—Justification for Seizure of Chattels—Failure of Defense—Evidence—Pleading and Practice—Harmless Error —Chattel Mortgages—Leases.*

Conversion—Pleading and Practice—Filing Supplemental Reply—Harmless Error.
  1. Where, in an action in conversion, defendant sheriff pleaded justification under a chattel mortgage but failed to establish the defense, the fact that the court, after striking a reply because not filed in time, five months thereafter permitted a supplemental reply to be filed, was immaterial, and, if error, was harmless.

Same — Admission of Judgment-roll Before Judgment Final — Harmless Error.
  2. Since under section 9821, Revised Codes of 1921, an action is deemed pending until final determination on appeal or until the time for appealing has expired, it was error to admit in evidence a judgment-roll in a companion case which was then pending on appeal, but nonprejudicial where, independent of the judgment-roll, the proof was sufficient to show that defendant sheriff's attempted justification in seizing personal property under a mortgage was without merit.

Same—When Chattel Mortgage not Justification for Seizure.
  3. Where a chattel mortgage on hotel furniture was ancillary to a lease of the premises to secure the payment of rent, and the lease was abandoned by the tenant for failure of the landlord to make needed repairs, the mortgage terminated with the abandonment of the lease, no rent being then due, and hence did not furnish justification to the sheriff for seizing and selling the chattels under the mortgage.

*Appeals from District Court, Yellowstone County; Charles 'A. Taylor, Judge.*

ACTION by A. L. Noe against S. W. Matlock and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

*Mr. James L. Davis* and *Messrs. Shea & Wiggenhorn,* for Appellants, submitted a brief; *Mr. Thos. F. Shea* argued the cause orally.

[64 Mont. 35.]

*Mr. E. E. Enterline* and *Mr. J. W. Snellbacher,* for Respondent, submitted a brief; *Mr. Snellbacher* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in conversion. It may be designated as a companion case to the case entitled *Noe* v. *Cameron,* 62 Mont. 527, 205 Pac. 256. That was an action by the plaintiff in this case for damages for alleged breaches of the covenants of a lease executed to the plaintiff by Cameron, the defendant, of hotel property situate in the town of Broadview, in Yellowstone county. It was commenced on March 28, 1918.

Among other defenses interposed by Cameron was a counterclaim for damages for the abandonment of the premises by plaintiff wherein he alleged that he had lost the difference in the rent stipulated for in the lease and the maximum of the rental value of the premises under the conditions then prevailing, amounting to the sum of $4,800, for which he demanded judgment. An understanding of the controversy in that, as well as in this case, may be had by a reference to the statement contained in the opinion, supplemented by the following: The lease involved in that case included a chattel mortgage upon the personal property, then in the hotel building, which had been purchased by the plaintiff from Cameron at the time it was executed, and covering all additions to it thereafter made by the plaintiff, to secure the payment of the rent during the time of the lease, fixed at $200 per month, payable monthly in advance. When the plaintiff quit the premises, on January 1, 1918, and surrendered them to Cameron, he moved all of the property purchased by him during his occupancy and sought to remove what he had purchased from Cameron, but was prevented from doing so by the defendant Barr, one of the deputies of defendant Matlock, the sheriff of Yellowstone county, who had in his hands a certified copy of the mortgage for the purpose of foreclosing the same to en-

force the payment of the installment of rent claimed to be due January 1, 1918. Thereafter the property was sold by the sheriff at public auction upon publication of notice as required by the statute, the plaintiff protesting that nothing was due. Thereupon, on March 13, 1918, the plaintiff brought this action.

The complaint is in the usual form, alleging that plaintiff had been damaged in the sum of $2,500. The defendants, after putting in issue the allegations of the complaint, alleged justification of their actions under the chattel mortgage. The plaintiff, assuming the justification to be new matter, filed a reply, but not until after the expiration of the twenty days provided by the statute, no default having been entered against him in the meantime. On December, 13, 1918, on motion of defendants, this reply was stricken out. The grounds of the motion were: That the reply had not been filed in time and that the facts alleged in it did not "constitute a defense" to the new matter alleged in defendant's answer. At the same time plaintiff moved for permission to file a "supplemental" reply. This latter motion was granted on May 26, 1919. On December 12, 1918, the case of *Noe* v. *Cameron* had been tried and determined, the judgment denying plaintiff the right to recover damages and adjudging the defendant's counterclaim to be without merit.

The so-called "supplemental reply" was filed after leave granted by the court. By it the plaintiff set up the judgment in the case of *Noe* v. *Cameron* as a conclusive adjudication against Cameron's claim for rent assumed to be due for the month of January, 1918, and therefore against his right to foreclose the mortgage.

The trial resulted in a verdict for plaintiff, wherein his damages were assessed at $1,500, and judgment was entered thereon for the amount thereof, together with costs. Defendants have appealed from the judgment and an order denying them a new trial. They contend that the court erred to their prejudice in permitting the filing of the supplemental reply,

in admitting in evidence the judgment in the case of *Noe* v. *Cameron,* and in giving and refusing certain instructions to the jury.

1. In our view of the case, the rulings of the court in [1] striking the reply from the files and thereafter permitting a "supplemental reply" to be filed becomes unimportant. The default of the plaintiff had not been entered at the time the reply was filed, although the plaintiff was two days late under the statute in filing the same. The so-called "supplemental reply" was filed with leave of court, and, conceding, but not deciding, that the court erred in permitting the "supplemental reply" to be filed, yet the defendants assumed the burden of showing justification by virtue of the chattel mortgage as pleaded in their answer. Having failed to establish justification, the question of whether there was a proper reply to the answer is of no consequence.

2. The court was in error in admitting in evidence the [2] judgment-roll in the case of *Noe* v. *Cameron,* for the reason that the judgment therein had not become final, the case being then pending on appeal in this court. Section 9821, Revised Codes of 1921, provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

Though a judgment is defined as the final determination of the rights of the parties (*Id.,* sec. 9313), the action must be regarded as still pending, within the meaning of the section quoted above, until final determination on appeal or until the time for appeal has passed. (*Peterson* v. *City of Butte,* 44 Mont. 129, 133, 120 Pac. 231.) However, in our opinion, the error was nonprejudicial to the defendants. Here, as in the former case, the status of Cameron's legal rights at the time are necessary to be considered. The question at issue was [3] whether the taking of the property and sale thereof by the defendants was authorized; and, from the proof, independent of the judgment-roll in the case of *Noe* v. *Cameron,* it

appears that the defendants were unwarranted in so doing. The chattel mortgage was ancillary to the lease, and, when the lease became terminated, the chattel mortgage served no further useful purpose. The defendants acted in their official capacity under Cameron's directions, and, Cameron being without legal right under the mortgage, they possessed no greater protection in their acts than would Cameron himself. His legal status and theirs was identical. The leased premises had been abandoned by the plaintiff, and the lease terminated in consequence of the landlord (Cameron) failing to make needed repairs. (Sec. 7742, Rev. Codes 1921.) There was no rent due under the lease agreement from the plaintiff to Cameron, so that the defendants, acting, as they did, under a chattel mortgage no longer existing, were mere trespassers. There was no issue to be tried other than the value of the property converted.

3. The errors assigned by defendants because of the instructions to the jury given and refused are not necessary to be discussed in view of what has already been said. We have examined them, and find no error to have been committed by the court.

The judgment and order are affirmed.

*Affirmed.*

Associate Justices Cooper, Holloway and Galen concur.

Rehearing denied September 11, 1922.