STATE EX REL. REID, RELATOR, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT, ET AL., RESPONDENTS.

Nos. 9153, 9154, 9161.

Submitted January 10, 1952. Decided December 19, 1952.
Decided on Petition for Rehearing March 13, 1953.

255 Pac. (2d) 693.

490

Mr. Ralph J. Anderson, Helena, Mr. E. J. Foley, Butte, Messrs. Frank E. Blair, and John M. Comfort, Virginia City, for relator.

Messrs. W. D. Rankin and Arthur P. Acher, Helena, and Mr. Charles L. Zimmerman, Butte, for respondent.

Mr. Anderson, Mr. Blair, Mr. Rankin, Mr. Acher and Mr. Zimmerman argued orally.

MR. CHIEF JUSTICE ADAIR:

Margaret G. Reid, 85, a widow and life-long resident of Madison county, Montana, died on March 13, 1950, leaving estate in such county, real and personal, worth upwards of $400,000. Her only heirs at law were three adult sons, namely: George H. Reid, Alvin F. Reid and Almon G. Reid, all residing in Madison county.

On March 17, 1950, George H. Reid, by his attorneys, Frank E. Blair and John M. Comfort, both of Virginia City, Montana, filed in the district court of Madison county, a petition for

the admission to probate of a writing purporting to be decedent's last will and also a petition for the appointment of George H. Reid as special administrator of the estate. By the terms of the purported will George H. Reid was nominated and appointed as the executor thereof.

The Honorable Lyman H. Bennett, Sr., then presiding judge of the district court of Madison county, being disqualified from hearing the petitions so filed in his court by reason of the fact that prior to his election to the office of district judge and while engaged in the private practice of law, he had drafted the purported will, acting pursuant to the provisions of R. C. M. 1947, sec. 91-2001, called in the Honorable Benjamin E. Berg, district judge of the sixth judicial district of the state of Montana, who accepted jurisdiction in the matter of such estate.

George H. Reid thereupon filed a timely affidavit of disqualification against Judge Berg for imputed bias whereupon, acting pursuant to the provisions of R. C. M. 1947, sec. 91-2002, Judge Bennett ordered that all proceedings in the matter of said estate be transferred to the district court of Silver Bow county, being an adjoining county to Madison and, pursuant to such order, all the proceedings, papers and files in said estate matter were transferred to the district court of Silver Bow county and there refiled on March 27, 1950.

Next Alvin F. Reid and Almon G. Reid, twin sons of the decedent, within the time allowed by law, filed in the district court of Silver Bow county their joint contest of the testamentary writing so offered for probate. Thereafter, issue being joined, a trial was had in the district court of Silver Bow county before the Honorable T. E. Downey, district judge presiding, and a jury.

At the trial, which was of some two weeks' duration, three attorneys, viz., Frank E. Blair, Esq., John M. Comfort, Esq., and E. J. Foley, Esq., represented George H. Reid, the proponent, and a like number of attorneys, viz., Wellington D. Rankin, Esq., Arthur P. Acher, Esq., and Charles L. Zimmer-

man, Esq., represented Alvin F. and Almon G. Reid, the contestants.

After hearing and considering the contest the jury returned special verdicts finding that at the time Margaret G. Reid executed the purported will she was not then competent to make a last will and testament and that at such time she was acting under the undue influence of George H. Reid.

On May 16, 1951, following the filing of the special verdicts, a formal judgment was duly rendered,—filed with the clerk and entered in the trial court adjudging the purported will to be invalid and refusing to admit it to probate. On the same date, May 16, 1951, written notice of the entry of the above judgment was duly served upon George Reid's said attorneys.

"An appeal may be taken to the supreme court * * * 3. From a judgment or order * * * refusing to admit a will to probate, or against * * * the validity of a will". R. C. M. 1947, sec. 93-8003, subd. 3.

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney." R. C. M. 1947, sec. 93-8005. See McLeod v. McLeod, 124 Mont. 590, 592, 593, 228 Pac. (2d) 965, 967.

"The appeal must be taken within sixty days after the order or judgment is entered." R. C. M. 1947, sec. 91-4313. Also see sec. 93-8004, subd. 4.

The provisions of Sec. 91-4313, supra, are mandatory and jurisdictional.

George H. Reid and his lawyers wholly failed to comply with the positive requirements of sec. 91-4313, supra. No appeal was taken within the sixty days allowed therefor or at all.

On September 6, 1951, being some 113 days after the judgment was entered and notice of its entry given, George H. Reid, by and through his above named counsel, filed in the office of the clerk of the district court of Silver Boy county a motion asking that court "to make an order relieving the said George

H. Reid from his failure to prepare, serve and file a notice of appeal from that certain judgment entered in the above entitled proceeding on the 16th day of May 1951 * * * and also from the failure to prepare and file the necessary undertaking for costs on appeal within the sixty day period provided by statute in such cases made and provided in order to perfect an appeal to the Supreme Court of the State of Montana from said judgment and decree and the whole thereof.''

In support of the above motion four affidavits were filed,— one by George H. Reid, the proponent, and one each by the three attorneys who represented him at the trial of the will contest.

The affidavits state that each of said attorneys participated actively in the trial of the will contest; that soon after the rendition of the verdict George H. Reid directed and employed his said attorneys to move for a new trial and to perfect an appeal to the supreme court in order to secure relief from the judgment entered on such verdict; that thereupon said attorneys made timely motion for a new trial which motion was submitted to the trial court on briefs the last of such briefs being filed on July 2, 1951; that thereafter the trial court denied George H. Reid's said motion; that no appeal was taken from the judgment so entered on May 16, 1951, but that an appeal would have been taken but for the alleged inadvertence and claimed excusable neglect of George H. Reid's attorneys.

George H. Reid's affidavit, *inter alia,* states: That he is a layman,—knows nothing of legal procedure or of the steps necessary to obtain a new trial or the reversal of the trial court's judgment; that on the day following the filing of the jury's verdict he instructed his attorneys, Blair, Comfort and Foley, to move for a new trial,—to perfect an appeal to the state supreme court and to take timely steps to secure a complete review of all the proceedings occurring in the trial court; that he left the matter entirely in the hands of his said attorneys in whom he had full faith and confidence; that he did not check with his attorneys or inquire of them if timely steps were being

taken to secure the setting aside of the judgment entered or its review on appeal; that on July 8, 1951, he left the state of Montana on a vacation trip and did not return until about the middle of August and that the first time he knew anything about the failure of his attorneys to perfect an appeal from said judgment was subsequent to his return to the state of Montana about August 21, 1951.

The affidavits of attorneys Blair and Foley, *inter alia,* state: "That immediately upon the employment of counsel to make a motion for new trial and to perfect an appeal to the Supreme Court of the State of Montana the counsel for George H. Reid discussed the division of labor to be performed by each of the respective counsel in handling these various matters incident to the motion for a new trial and also the perfecting of an appeal to the Supreme Court of the State of Montana and thereupon it was agreed that John M. Comfort, one of the counsel for the proponent of the will, George H. Reid, would undertake to see that all notices and formal steps be taken within the time allowed by law, or appropriate orders of court, within which to perfect an appeal to the Supreme Court of the State of Montana;

"That it was so agreed and that this affiant pursuant to such agreement left entirely to and relied upon the said John M. Comfort to timely prepare and serve a notice of appeal from the judgment aforesaid and to prepare, secure and file the necessary undertaking for costs on appeal to the Supreme Court of the State of Montana;

"That it was not until long after the expiration of sixty days from the date of said judgment that this affiant was informed and discovered for the first time that the notice of appeal aforesaid and also the bond had neither been prepared and served nor filed."

As to the so-called "Division of Labor Agreement" the affidavit of Attorney Comfort states: "That it was so agreed on and that this affiant understood that other counsel was relying upon him to duly prepare, file and serve notice of appeal from the judgment aforesaid and to prepare, secure and file the

necessary undertaking for costs on appeal to the Supreme Court of the State of Montana;

"That on or about the 21st day of May 1951, the contestants * * * filed * * * a petition to remove George H. Reid, the special administrator * * * wherein they charged him with mismanagement of the property of the said estate and failure to account within the proper time for his handling of the estate which entailed the performance of many days of work in preparing the accounts and preparing the accounting and assisting his associate, Mr. Blair, in preparation to defend the ouster proceeding and that incidental thereto it was necessary for this affiant to take complete inventories of the property of the estate consisting of many head of livestock and much farm machinery and equipment and likewise this affiant found it necessary to assist his associate, Mr. Blair, in the preparation of extensive briefs in support of proponent's motion for a new trial;

"That in addition thereto this affiant is the duly elected, qualified and acting County Attorney of Madison County and that he has no deputy to assist him in the performance of the duties incident thereto and that many matters in connection with the office of County Attorney arose during the sixty days following the entry of the judgment in the above entitled matter on May 16, 1951, including two meetings of the Board of County Commissioners of Madison County, Montana;

"That this affiant became so engrossed with the performance of the various affairs and duties above described that inadvertently he omitted to prepare, serve and file the notice of appeal from the aforesaid judgment and likewise to prepare and file the undertaking for costs incident to an appeal to the Supreme Court of Montana within the sixty days allowed by law;

"That it was not until after the expiration of the sixty days from the date of said judgment that this affiant discovered for the first time that he had failed to so prepare, serve and file a notice of appeal from said judgment and an undertaking or cost bond on appeal."

George H. Reid's motion to relieve him from the consequences

of his failure to take an appeal within sixty days after the order and judgment was entered against him, as is prescribed by law, R. C. M. 1947, sec. 91-4313, was submitted to the trial judge on the above affidavits and upon briefs and on October 19, 1951, the motion was denied, the trial court holding that it was without jurisdiction to make the order or to grant the relief sought.

On September 7, 1951, the attorneys for George H. Reid served and left with the clerk of the trial court their client's proposed bill of exceptions to the proceedings had on the trial and on the motion for a new trial.

On October 3, 1951, the attorneys for the contestants served and filed their written objections to the settlement of the proposed bill of exceptions urging, *inter alia:* That the purported bill is a nullity in that no appeal was perfected within the time allowed by law, or at all; that the purported bill was not delivered to the clerk of the trial court or judge within the time allowed by law or at all; that the purported bill was not presented to the trial court for settlement within the time allowed by law or at all and that the trial court has lost jurisdiction to settle the proposed bill after the expiration of the time prescribed by statute for taking an appeal and that no appeal was taken.

On October 19, 1951, after having considered George H. Reid's proposed bill and the contestants' objections thereto, the trial judge, by written order, sustained the objections to the settlement on the grounds that the purported bill of exceptions was not presented to the court for settlement within the time allowed by law, and ''that the court has lost jurisdiction to settle said Bill of Exceptions for the reasons that an appeal has not been perfected within the time allowed by law, or at all, and the Court therefore has no jurisdiction or authority to settle, sign and allow said Bill of Exceptions.''

On November 26, 1951, George H. Reid, by his attorneys, presented to the trial judge a renewal of his former request to settle his proposed bill of exceptions, whereupon the trial court made a further written order refusing and denying the request

"upon the grounds and for the reason that it is without jurisdiction at this time to settle said bill of exceptions."

On November 6, 1951, the proponent, George H. Reid, by his attorneys, presented to the trial judge for settlement a new and different proposed bill of exceptions together with certain amendments thereto, offered by the contestants which latter proposed bill purported to set forth the proceedings had on George H. Reid's motion of September 6, 1951, seeking an order to relieve him from his failure to appeal, within the time allowed by law, from the order and judgment entered against him on May 16, 1951. The trial court permitted the contestants' proposed amendments to be made and then settled and allowed the bill as so amended.

Thereafter three separate original proceedings were filed in this court on behalf of George H. Reid, being causes Nos. 9153, 9154 and 9161 herein.

*Cause No. 9153.* In original proceeding No. 9153, entitled, "State of Montana upon the relation of George H. Reid, Proponent of the last will and testament of Margaret G. Reid, deceased, Relator, v. the District Court of the Second Judicial District of the State of Montana and the Honorable T. E. Downey, judge thereof, Respondents," filed November 30, 1951, the relator petitioned for a writ of supervisory control to be directed against respondents commanding the trial court: (1) To set aside the order and judgment of May 16, 1951, refusing the probate of the last will and testament of Margaret G. Reid, deceased; (2) to admit such will to probate; (3) to appoint George H. Reid as executor thereof; (4) to settle the bill of exceptions purporting to set forth the proceeding had on the trial of the will contest and on relator's motion for new trial; (5) to annul the order, made after the order and judgment in the will contest had become final, appointing Almon G. Reid and Alvin F. Reid as general administrators of the estate of Margaret G. Reid, deceased, and (6) to require said general administrators to restore the said estate to the relator, George

H. Reid, as the executor named in his mother's will, upon his qualifying for such office.

*Cause No. 9154.* In a second original proceeding, No. 9154, also filed November 30, 1951, bearing the same title as Cause No. 9153, supra, the relator, George H. Reid, petitioned for a writ of mandate to compel the district court of Silver Bow county and the Honorable T. E. Downey, judge thereof, to allow, settle and sign relator's first proposed bill of exceptions and to order the same made a part of the record in the contest of the will in the matter of the estate of Margaret G. Reid, deceased.

*Causes Nos. 9153 and 9154.* Upon the filing of the foregoing petitions in this court a separate order was issued in each cause directing the respondents, on a day certain, to show cause why the respective writs prayed for should not issue. In response to such orders the respondents appeared,—made returns,—the causes were orally argued and briefs filed, whereupon such causes were submitted to this court for decision.

*Cause No. 9161.* In a third original proceeding, being No. 9161, filed December 15, 1951, entitled, "In the Matter of the Application of George H. Reid for Leave to Prove the Facts With Reference to the Settlement of a Bill of Exceptions," the petitioner George H. Reid, in his petition alleged that on November 26, 1951, the trial court, over petitioner's objection, allowed certain amendments offered by the contestants to petitioner's proposed bill of exceptions purporting to set forth the proceedings had on petitioner's motion for a district court order to grant him relief from his failure to take a timely appeal; and that petitioner took timely exception to the action of the trial court in allowing the amendments so offered by the contestants and in allowing and settling the proposed bill as amended. The petition prays for an order granting petitioner leave to prove before a referee to be named in such order and to have such referee certify in this court the facts in relation to petitioner's exceptions,—his proposed bill of exceptions and the alleged "failure of the trial Judge and Court to properly certify and settle the same pursuant

to Rule VII of this Court and the provisions of Section 93-5507 Revised Codes of Montana, 1947.'' Upon oral *ex parte* presentation of the petition an order to show cause was issued directed against the respondent, the Honorable T. E. Downey, as judge presiding, in the district court of Silver Bow county, and thereafter the respondent judge, appearing by counsel, made due return, and, following oral arguments and the filing of briefs the matter was submitted to this court for decision.

''The right of appeal, though guaranteed under the Constitution (article 8, sec. 23), may be exercised only in obedience to the statutory regulations applicable.'' State ex rel. Cobban v. District Court, 30 Mont. 93, 95, 75 Pac. 862, 863. Compare Jackway v. Hymer, 42 Mont. 168, 169, 170, 111 Pac. 720.

The right of appeal in probate matters is purely statutory. In re Estate of Murphy, 57 Mont. 273, 279, 188 Pac. 146. It is elementary that the statutes limiting the time for appeal are mandatory and jurisdictional. Malick v. Peterson, 124 Mont. 585, 228 Pac. (2d) 963. Such statutes must be strictly complied with. Washoe Copper Co. v. Hickey, 23 Mont. 319, 322, 58 Pac. 866. They must be followed to give this court jurisdiction to entertain the appeal, Featherman v. Granite County, 28 Mont. 462, 464, 72 Pac. 972, and the right of appeal is lost by the lapse of time. Kaufman v. Cooper, 38 Mont. 6, 9, 98 Pac. 504, 1135.

The notice of appeal, being jurisdictional, must be filed and served within the time prescribed, Malick v. Peterson, supra, and the courts cannot lawfully extend the time nor excuse a failure to comply with the statute. Where, as here, an application for a new trial is not prerequisite to review by appeal, the filing of a motion for a new trial does not have the effect of extending the statutory period prescribed for the giving of notice of appeal. In re Blankenbaker's Estate, 108 Mont. 383, 91 Pac. (2d) 401; In re Sullivan's Estate, 112 Mont. 519, 524, 118 Pac. (2d) 383. Neither is such time extended by a motion for relief from the judgment on the ground of mistake, inadvertence or excusable neglect. Compare Ogle v. Potter, 24 Mont.

501, 505, 506, 62 Pac. 920; People v. Lewis, 219 Cal. 410, 27 Pac. (2d) 73.

R. C. M. 1947, sec. 93-8708, provides: "When an act to be done, as provided in this code, relates to the pleadings in the action, or the undertakings to be filed, or the justification of sureties, or the preparation of statements, or of bills of exceptions, or of amendments thereto, or to the service of notices *other than of appeal,* the time allowed by this code may be extended, upon good cause shown, by the court in which the action is pending, or a judge thereof; but such extension shall not exceed ninety days without the consent of the adverse party." Emphasis supplied.

In authorizing the granting of extensions of time beyond that allowed by the Code for the doing of certain enumerated acts including "the service of notices other than of appeal" the statute, section 93-8708, makes it clear that the time prescribed by law for the serving of notices of appeal may not be extended thereunder for notices of appeal are specifically excluded from the operation of the statute. Thus are the courts denied the authority to extend the maximum time prescribed by statute for the service or filing of a notice of appeal. Compare Jackway v. Hymer, 42 Mont. 168, 111 Pac. 720; In re McCracken's Estate, 87 Mont. 342, 287 Pac. 941; State ex rel. Stimatz v. District Court, 105 Mont. 510, 74 Pac. (2d) 8; In re Sullivan's Estate, 112 Mont. 496, 118 Pac. (2d) 137; State ex rel. Sanford v. District Court, 124 Mont. 429, 225 Pac. (2d) 866; Malick v. Peterson, 124 Mont. 585, 228 Pac. (2d) 963; Land v. Johnston, 156 Cal. 253, 104 Pac. 449; People v. Lewis, 219 Cal. 410, 27 Pac. (2d) 73.

In Davis v. Bell Boy Gold Min. Co., 101 Mont. 534, 540, 54 Pac. (2d) 563, 565, this court said: "The limitation of time within which an appeal may be taken is fixed by law so as to bring litigation to an end and define the limit of the trial court's jurisdiction (State Bank of New Salem v. Schultze, 63 Mont. 410, 209 Pac. 599), and, although a judgment is defined as the *final* determination of the rights of the parties to an action

or proceeding (section 9313, Rev. Codes 1921), the action must be regarded as still pending within the meaning of the section until final determination on appeal, or until the time for appeal has passed (Noe v. Matlock, 64 Mont. 35, 208 Pac. 591). 'A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees.' Section 9395, Rev. Codes 1921.''

In the case of In re Hanley's Estate, 23 Cal. (2d) 120, 142 Pac. (2d) 423, 424, 425, 149 A. L. R. 1250, the supreme court of California said: ''In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citing cases], even to relieve against mistake, inadvertence, accident, or misfortune. [Citing cases.] Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citing cases.] For a full discussion of these rules, see comment, 30 Cal. L. Rev. 433, 448. If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citing cases.]

''In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the tie within which the record and briefs must be prepared and filed. These procedural time provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court. And of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal.''

*Blankenbaker Cases.* The attorneys for George H. Reid contend that they are entitled to a writ of supervisory control to be

502

directed against the respondents, the district court of Silver Bow county and the Honorable T. E. Downey, as judge presiding, by virtue of the supreme court's practice, rulings and decision in original proceeding No. 8012, State ex rel. Blankenbaker v. District Court of Chouteau County, 109 Mont. 331, 96 Pac. (2d) 936, wherein the facts are as below stated:

On June 17, 1936, Virgil F. Blankenbaker died testate leaving large property interests in Chouteau county. His sole heir and the executrix of his will was his wife, Ella M. Blankenbaker.

On August 3, 1938, the Honorable H. H. Ewing, judge presiding in the district court of Chouteau county entered judgment and order determining the amount of the inheritance tax due in the matter of decedent's estate.

Under the written law of this state an appeal may be taken from the judgment and order so determining the tax. In re Sattes' Estate, 59 Mont. 220, 195 Pac. 1033; State ex rel. Floyd v. District Court, 41 Mont. 357, 368, 109 Pac. 438; In re Tuohy's Estate, 35 Mont. 431, 440, 90 Pac. 170; sec. 9731, subd. 3, R. C. M. 1935; R. C. M. 1947, sec. 93-8003, subd. 3.

Such appeal must be taken within sixty days after the judgment or order is made or entered or filed with the clerk. Sec. 9732, subd. 4 and sec. 10367, R. C. M. 1935 (now R. C. M. 1947, secs. 93-8004, subd. 4, and 91-4313).

No appeal was taken from the order or judgment of August 3, 1938, within sixty days after its entry or at all. Thus was lost the right to invoke the appellate jurisdiction of the supreme court to review on appeal the proceedings in the district court resulting in the making of the judgment and order determining the tax.

A special statute (sec. 10400.28, R. C. M. 1935, now R. C. M. 1947, sec. 91-4438) allows any person dissatisfied with the judgment and order determining the tax to apply to the district court for a rehearing thereof before that court, but requires that such application be made and that written notice thereof be filed "within sixty (60) days from the * * * determination of the tax by the district court." The quoted phrase required

that the application to the district court for a rehearing in the Blankenbaker case, supra, be made and that written notice be filed within sixty days from August 3, 1938, the date whereon the judgment and order were entered.

On October 3, 1938, being the sixty-first day after the entry of the judgment and order, the attorney for the executrix filed in the district court a motion for a new trial, rehearing and reappraisement and five days thereafter he filed an affidavit by the executrix in support of her motion. The motion was heard on November 3, 1938, and thereafter the district court granted additional time for the preparation of briefs and upon the filing and consideration thereof the trial judge, on January 5, 1939, made and caused to be entered in the estate matter, an order denying the motion of the executrix for a new trial or rehearing.

No appeal lies from the above order. The statutes did not then and they do not now authorize an appeal from an order overruling or denying a motion for a new trial or rehearing. In re Blankenbaker's Estate, 108 Mont. 383, at page 385, 91 Pac. (2d) 401, 402.

On March 6, 1939, the attorney for the executrix served and filed a notice of appeal from the above non-appealable order thereby either overlooking or ignoring the fact that more than seventeen years before the legislative assembly, by the enactment of section 12 of Chapter 225, Session Laws of 1921, p. 481, expressly abolished appeals from orders overruling motions for a new trial in civil actions or proceedings.

On March 18, 1939, the trial judge signed, settled and allowed a bill of exceptions setting forth all the proceedings had in the district court to and including the making of the non-appealable order denying the motion for new trial or rehearing from which the attorney for the executrix was attempting to appeal.

The respondent, the state board of equalization, promptly interposed a motion to dismiss the attempted appeal on the grounds, *inter alia,* that no appeal lies from an order denying a motion for new trial or rehearing. Secs. 9731 and 9745, R. C. M. 1935.

504

On April 10, 1939, the supreme court granted the appellant executrix thirty days from its determination of the respondent board's motion to dismiss the appeal within which to serve and file appellant's transcript on appeal.

On May 16, 1939, the supreme court pronounced its judgment and decision granting the respondent board's motion for the dismissal of the appeal, the concluding sentence whereof reads: "The motion to dismiss the appeal is granted." In re Blankenbaker's Estate, 108 Mont. 383, 386, 91 Pac. (2d) 401, 403.

Section 9748, R. C. M. 1935, now R. C. M. 1947, sec. 93-8020, ▇▇ provides: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal." This statute applies to new trials and appeals in probate proceedings. Sec. 10366, R. C. M. 1935, now R. C. M. 1947, sec. 91-4312.

The unqualified dismissal of the appeal was, in legal effect, an affirmance of the order of the district court of January 5, 1939, from which the appeal was taken. Secs. 9748 and 10366, R. C. M. 1935, supra.

Section 9313, R. C. M. 1935, provides: "A judgment is the final determination of the rights of the parties in an action or proceeding."

Section 10558, R. C. M. 1935, provides, inter alia: "The effect of a judgment or final order in an action or special proceeding before a court or judge of this state * * * is as follows:

"1. In case of a judgment or order * * * in respect to the probate of a will, or the administration of the estate of a decedent, * * * the judgment or order is conclusive upon * * * the will, or administration, or the condition or relation of the person.

"2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest * * *."

In its opinion of May 16, 1939, In re Blankenbaker's Estate, 108 Mont. 383, 91 Pac. (2d) 401, 402, the supreme court ordered

the dismissal of the appeal holding that no appeal lies from an order denying a new trial, rehearing or reappraisement; that there was no merit in the appellant's contention that an appeal from the order fixing the inheritance tax could not be made until the petition for a retrial or rehearing was first disposed of, and that "The filing of a motion for new trial or rehearing of the order determining the tax did not affect the right to appeal from the order, or prolong the time within which an appeal therefrom could be taken."

There was no petition for rehearing of the above decision ordering the dismissal of the appeal and thereby was effected the complete and final affirmance by the supreme court of the order of the trial court denying a new trial or rehearing from which the appeal was taken. Sec. 9748, R. C. M. 1935. See Libin v Huffine, 124 Mont. 361, 224 Pac. (2d) 144, 146, where this court said:

"In 2 Freeman on Judgments, 5th Ed., sec. 639, pp. 1345, 1346, the author says: 'The judgments of appellate courts are as conclusive as those of any other court. They not only establish facts, but also settle the law, so that the law as decided upon any appeal must be applied in all the subsequent stages of the cause, and they are res judicata in other cases as to every matter adjudicated.' "

Neither the law, justice nor common sense permit the taking of an appeal to the supreme court from its own decisions and judgments nor do they permit the taking of successive appeals to the supreme court from judgments or orders that have already been affirmed by that court.

No transcript on appeal was filed in the supreme court in In re Blankenbaker's Estate, cause No. 7959, supra, 108 Mont. 383, 91 Pac. (2d) 401, prior to the dismissal of the appeal and after the dismissal counsel for the executrix lost interest in the filing of a transcript in their lost cause but not in the placing of the record before the court in a subsequently commenced original proceeding No. 8012, 109 Mont. 331, 96 Pac. (2d) 936, entitled: "State of Montana, on the relation of Ella M. Blanken-

baker, as executrix of the estate of Virgil F. Blankenbaker, deceased, and Ella M. Blankenbaker, Relators, v. The District Court of the Eighth Judicial District of the State of Montana, in and for the County of Chouteau, and the Honorable H. H. Ewing, one of the Judges thereof, Respondents,'' filed August 31, 1939, wherein they petitioned the supreme court to take original jurisdiction in the matter and to issue a writ of supervisory control against the respondent court and judge directing that the trial court grant a rehearing on its judgment and order of August 3, 1938, determining the inheritance tax.

Attached to the petition for such writ and marked Exhibit A was a copy of the bill of exceptions filed, settled and allowed by the trial judge on March 18, 1939, comprising 155 typewritten pages, originally intended to be incorporated in the transcript on appeal to be filed in appeal No. 7959, supra, and setting forth all the proceedings had in the trial court including the testimony of eleven witnesses and all exhibits in the cause. Thus in original proceeding No. 8012, did the attorneys for the relatrix for a second time request the supreme court to review the same record for the same errors which they claim were committed by the trial court in the making and entering of its judgment and order of August 3, 1938, and in the making and entering of its order of January 5, 1939, denying the motion for a new trial or rehearing on the judgment and order so determining the tax.

Notwithstanding that the trial court's judgment and order of August 3, 1938, as well as its order of January 5, 1939, had long since become final and thus beyond challenge by any of the parties litigant, the supreme court nevertheless assumed to accept jurisdiction in original proceeding No. 8012 and ordered an alternative writ of supervisory control to issue and be served upon the respondent court and judge who, appearing by their counsel Ralph J. Anderson, Esq., interposed a timely motion to quash the writ so issued upon the grounds that the petition therefor ''does not state facts sufficient to constitute cause or reason for the issuance of a writ of supervisory control or any

other extraordinary writ authorized by the Constitution and
the laws of the state.'' Such motion was improperly denied
whereupon the supreme court proceeded to review the record
for claimed errors precisely as though the matter was before
it on a timely and proper appeal.

On November 29, 1939, the supreme court pronounced its
judgment and decision, State ex rel. Blankenbaker, Relatrix, v.
District Court, No. 8012, 109 Mont. 331, 96 Pac. (2d) 936, 940,
holding that the respondent court and judge had committed
error: (1) In imposing a transfer tax on various real estate
transfers executed by the decedent to his surviving wife Ella M.
Blankenbaker and claimed to have been made in contemplation
of death; (2) in invoking and giving effect to the presumption
set forth in subdivision 3 of section 1 of Chapter 186, Session
Laws of 1935, page 404, providing that certain real estate
transfers made within three years prior to the death of the
donor or grantor shall be deemed to have been made in con-
templation of death; (3) in appraising all the real estate in-
volved at $3.75 per acre; (4) in computing interest on the tax
at ten per cent; (5) in overruling and denying the motion for a
rehearing on the judgment and order determining the tax and
in the concluding paragraph of its opinion said: ''We think the
circumstances of this case warrant us in issuing the writ of
supervisory control. It is, therefore, ordered that the writ issue
commanding the respondent court to set aside the order denying
the motion for rehearing and to enter an order granting it.''

Not only was the supreme court without jurisdiction to review
the proceedings had in the district court resulting in the trial
court's appealable judgment and order of August 3, 1938, and
in its non-appealable order of January 5, 1939, denying the
motion of the executrix for a new trial or a rehearing, but by
express statute, sec. 9729, R. C. M. 1935, was the appellate court
prohibited from so reviewing such proceedings.

A timely and proper appeal from the judgment and order
of August 3, 1938, would have enabled the supreme court in the
exercise of its appellate jurisdiction to review the entire pro-

ceedings had in the trial court resulting in such judgment and order determining the tax and would have enabled the appellate court to grant such relief as was proper. The remedy by appeal so provided was adequate. Upon the expiration of the sixty days allowed for taking an appeal and with no appeal taken, ·the judgment and order became final and no longer subject to review by or in the supreme court.

Section 9729, R. C. M. 1935, provides: "A judgment or order in a civil action, except when expressly made final by this code, may be reviewed as prescribed in sections 9729 to 9761 of this code, *and not otherwise.*" Emphasis supplied. This statute is both prohibitory and jurisdictional. It limits this court's review of the proceedings which resulted in the appealable order and judgment fixing the tax to such review as is contemplated by and provided for in sections 9729 to 9761, R. C. M. 1935, "and not otherwise." Sec. 9729.

The motion for a new trial or a rehearing on the judgment and order made pursuant to the provisions of section 10400.28, R. C. M. 1935, was merely an attempt to prevail upon the trial court to review the proceedings had therein to the end that the judgment and order of August 3, 1938, be modified and the inheritance tax fixed at a lesser amount and the trial court's order of January 5, 1939, denying a new trial or rehearing should have finally ended the matter for at that late date the maximum time allowed by statute for taking an appeal from the judgment and order of August 3, 1938, had long since expired and the trial court's order denying a new trial or rehearing was non-appealable and therefore not subject to review either by the trial court or by the supreme court as every lawyer in this state must know.

Supervisory control, invoking the original jurisdiction of the supreme court, is not a substitute for an appeal provided by statute. State ex rel. Meyer v. District Court, 102 Mont. 222, at page 226, 57 Pac. (2d) 778, at page 780.

Original proceedings seeking supervisory control may not be employed to by-pass the statutes allowing and requiring timely

appeals to the supreme court. Where as here the appeal allowed by statute furnishes an adequate remedy, such remedy is exclusive and furnishes the only lawful means of reviewing in the supreme court the judgment and order determining the inheritance tax. The review in the supreme court must be had on timely and proper appeal as is prescribed in the statutes governing appeals "and not otherwise." Sec. 9729, R. C. M. 1935.

This is a government of law, not of men.

It is a government of written law. Such law is a solemn expression of the supreme power of the state, R. C. M. 1947, sec. 12-101, expressed by the Constitution or by statutes. R. C. M. 1947, sec. 12-102. "The organic law is the constitution of government, and is altogether written. Other written laws are denominated statutes. The written law of this state is therefore contained in its constitution and statutes, and in the constitution and statutes of the United States." R. C. M. 1947, sec. 93-1001-9.

The source of the jurisdiction of the supreme court of Montana is found in the Constitution of Montana. Compare Bordeaux v. Bordeaux, 26 Mont. 533, 535, 69 Pac. 103.

Jurisdiction is the foundation of judicial proceedings. The term "jurisdiction" means fundamentally the power or capacity given by law to a court, to entertain, hear and determine the particular case or matter. A court has no power to do anything not authorized by law, hence the jurisdiction of a court means the power or authority which is conferred upon a court by the Constitution and laws to hear and determine causes between parties and to carry such judgments into effect.

A judicial tribunal established by the Constitution owes its existence to that instrument alone.

"Except as otherwise provided in the constitution, this court has appellate jurisdiction only." State ex rel. Scharnikow v. Hogan and State ex rel. Kennedy v. Martin, 24 Mont. 379, 381, 62 Pac. 493, 494, 51 L. R. A. 958.

The Constitution of this state, in conferring jurisdiction upon this court, repeatedly declares that the power so conferred must

be exercised within or under *such limitations and regulations as may be prescribed by law.*

The Constitution of Montana provides:

"The supreme court, except as otherwise provided in this constitution, *shall have appellate jurisdiction only, * * * under such regulations and limitations as may be prescribed by law.*" Emphasis supplied. Article VIII, sec. 2.

"The appellate jurisdiction of the supreme court shall extend to all cases at law and in equity, *subject, however, to such limitations and regulations as may be prescribed by law.*" Emphasis supplied. Article VIII, sec. 3.

Appeals "shall be allowed from the decisions of * * * district courts to the supreme court *under such regulations as may be prescribed by law.*" Emphasis supplied. Article VIII, sec. 15.

The supreme court "shall have power in its discretion to issue and to hear and determine writs of habeas corpus, mandamus, quo-warranto, ceritorari, prohibition and injunction, and such other original and remedial writs *as may be necessary or proper to the complete exercise of its appellate jurisdiction.*" Emphasis supplied. Article VIII, sec. 3.

"The supreme court * * * shall have a general supervisory control over all inferior courts, *under such regulations and limitations as may be prescribed by law.*" Emphasis supplied. Article VIII, sec. 2.

The power granted to the supreme court to exercise a general supervisory control over inferior courts is plainly subject to "such regulations and limitations as may be prescribed by law." Const. Art. VIII, sec. 2, supra.

The power so granted is subject to such regulations and limitations as the legislature may enact or the people initiate.

The exercise by the supreme court of its appellate jurisdiction is likewise subject "to such limitations and regulations as may be prescribed by law", Const. Art. VIII, sec. 3, duly and regularly enacted by the legislature, Const. Art. V, secs. 19-26, 40, or duly and regularly initiated by the people. Const. Art. V, sec. 1.

The legislature has enacted express *written laws* prescribing the regulations and limitations regulating the issuance of the various writs named in Article VIII, sec. 3 of the Constitution, namely writs of: (1) Habeas corpus, R. C. M. 1947, secs. 94-101-1 to 94-101-33; (2) mandamus, R. C. M. 1947, secs. 93-9101 to 93-9114; (3) quo warranto, R.C. M. 1947, secs. 93-6401 to 93-6426; (4) certiorari, R. C. M. 1947, secs. 93-9001 to 93-9011; (5) prohibition, R. C. M. 1947, secs. 93-9201 to 93-9204 and (6) injunction, R. C. M. 1947, secs. 93-4201 to 93-4216. However, we find no *written laws* promulgated or enacted by the law-making department of our government, R. C. M. 1947, secs. 12-101, 12-102 and 93-1001-9, prescribing the regulations and limitations governing the issuance of so-called "writs of super-visory control."

There being no provisions of the Constitution and no statute of the state prescribing regulations or limitations governing the device known as a "writ of supervisory control" which this court has seen fit to issue from time to time, the court has attempted to make its own regulations and limitations as to when such "writ" may or may not issue which regulations and limitations appear to change with each new petition for the "writ."

In State ex rel. Blankenbaker v. District Court, 109 Mont. 331, at page 336, 96 Pac. (2d) 936, at page 939, the court said: "Supervisory control does not issue as a matter of right, but *only* in the *discretion* of the court and each case must be decided on its own facts and circumstances. It will issue when there has been a *failure of justice* and if the case is exigent, particularly where there is no clear remedy by appeal." Emphasis supplied.

As already shown the relatrix Ella M. Blankenbaker had a clear and adequate remedy by appeal from the judgment and order fixing the tax which she was required to pay, all duly prescribed by *written law,* but she failed to avail herself of such remedy and the judgment and order of August 3, 1938, became final and *res adjudicata* in the estate matter binding upon the litigants and courts alike.

512

Who and what determines when "the case is exigent,"— when "there has been a failure of justice" and when and what moves the discretion of this court to grant the writ of supervisory control?

The supreme court was wholly without jurisdiction in the second Blankenbaker case, No. 8012, to review the record of the proceedings had resulting in the trial court's judgment and order of August 3, 1938, determining the inheritance tax due and in the trial court's order of January 5, 1939, denying a new trial or rehearing thereon, hence the opinion, decision and holding of this court in the case of State ex rel. Blankenbaker v. District Court, No. 8012, 109 Mont. 331, 96 Pac. (2d) 936, are expressly disapproved and overruled.

In the three George H. Reid cases, Nos. 9153, 9154 and 9161, now before this court, the relief sought in each cause including the writs applied for is denied and the proceedings in this court are ordered dismissed.

The petition for rehearing is denied,—the opinion and decision pronounced December 19, 1952, in said causes is ordered withdrawn and the foregoing is substituted therefor. It is so ordered.

ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN: (concurring in the result).

I agree with the result reached in the foregoing opinion but not with all that is said in it.

I do not agree that the dismissal of the attempted appeal in the case of In re Blankenbaker's Estate, 108 Mont. 383, 91 Pac. (2d) 401, had the effect of affirming the order attempted to be appealed from. I think R. C. M. 1947, sec. 93-8020, providing that the dismissal of an appeal has the effect of an affirmance of the judgment or order appealed from has application to a situation where there was an appeal from an appealable order or judgment but which appeal for some one of the reasons specified in R. C. M. 1947, sec. 93-8019, had to be dismissed.

It is my view that the dismissal of an attempted appeal from a non-appealable order or judgment, such as that in the Blenkenbaker case, supra, does not have the effect of an affirmance of the order or judgment attempted to be appealed from. In such a case the court acquires no jurisdiction to do anything except to dismiss the attempted appeal. It acquires no jurisdiction to affirm or otherwise affect the order attempted to be appealed from.

Neither do I agree that the case of State ex rel. Blankenbaker v. District Court, 109 Mont. 331, 96 Pac. (2d) 936, should be overruled. The reason given for the conclusion may not be sound but I think the result was correct. The statute involved in that case was what is now R. C. M. 1947, sec. 91-4438, reading: "The attorney general, state board of equalization, public administrator, county attorney, or any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the district court within sixty (60) days from the fixing, assessing and determination of the tax by the district court as herein provided on filing a written notice which shall state the grounds of the application for a rehearing. The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearing as herein provided unless additional or newly discovered evidence be alleged therefor, and a new trial shall not be had or granted unless specially ordered by the district court."

This section, it will be noted, speaks both of rehearings and new trials. Fair interpretation of the section contemplates two things: First, a rehearing, upon the records, proceedings and proofs had and taken on the hearing. Second: A new trial upon additional or newly discovered evidence. A rehearing upon the records, proceedings and proof had on the hearing follows as a matter of course upon application. That is not dependent upon the discretion of the court and requires no court order. The new trial on additional or newly discovered evidence must be ordered by the court before it is available to petitioner.

It therefore follows that when the application for rehearing

was filed in the last cited case it had the effect of wiping out the order fixing the inheritance tax and leaving the case as if no order for inheritance tax had been made. There was then no occasion to appeal from that order. The filing of the application for rehearing left no order to appeal from. The order made after rehearing might have been entirely different from the one previously made.

I think the conclusion reached in the Blankenbaker case, 109 Mont. 331, 96 Pac. (2d) 936, was correct, but I think it is entirely different from the instant case and is no authority for the granting of the writ of supervisory control in this case.

MR. JUSTICE ANDERSON not having been a member of the court at the time of the original opinion did not take part in the decision.